UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KOLLER,<br><br>          Plaintiff,<br><br>     v.<br><br>MED FOODS, INC., et al.,<br><br>          Defendants. | Case No. 14-cv-02400-RS<br><br>**ORDER RE ADMINISTRATIVE MATTERS** |

   1. Defendant has filed a motion seeking issuance of letters rogatory and presented that motion to the undersigned. Pursuant to the order of reference (Dkt. No. 54) this is a discovery matter that must be presented to the assigned magistrate judge.

   2. Citing Civil Local Rule 7-10, defendant has filed an "ex parte application" to extend the briefing schedule on plaintiff's motion for class certification. Although defendant's application and proposed order fail to address the hearing date, a continuance would be necessary to accommodate the requested briefing extension.

   While labeled as "ex parte," defendant's application was in fact automatically served on plaintiff through the ECF system, and thus was not brought on an ex parte basis. See Rule 7-10 (defining ex parte motions as those "filed without notice to opposing party.")  Defendant's application will be deemed as having been brought, as would be appropriate, under Rule 6-3, which governs motions to change time.

   Defendant contends additional time is necessary to prepare its opposition to class

certification in light of discovery that will need to be done, and because plaintiff filed the motion closer to the hearing date than was anticipated at the time of the prior case management conference, when that date was selected.[1]

The record reflects a break down in the meet and confer process by which scheduling issues as this ordinarily should be resolved.  Accordingly, the parties are directed to engage in further discussions to attempt to agree on both an extended briefing schedule and a new hearing date.  No later than November 6, 2015, the parties shall either submit a stipulation setting a brief schedule and a hearing date, or, in the event they are unable to reach agreement,  a joint statement setting out their respective proposals.

**IT IS SO ORDERED**.

Dated: November 3, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[1] Plaintiff filed the motion giving the minimum 35 days' notice required by the local rules. Defendant complains that service of the motion was untimely (by a few hours) under a stipulation between the parties purporting to govern service by email. Under Rule 5-1(h)(1), e-filed documents are automatically deemed served, with exceptions not relevant here. While the parties are free to agree to more restrictive provisions, defendant's assertion that it was given less notice than required under the local rules is incorrect.