1 | JEFFREY B. MARGULIES (BAR NO. 126002)
STEPHANIE A. STROUP (BAR NO. 235071)
2 | JULIA B. GLAZER (BAR NO. 277316)
JADE JURDI (BAR NO. 273401)
3 | **NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
4 | Forty-First Floor
Los Angeles, California  90071
5 | Telephone:     (213) 892-9200
Facsimile:      (213) 892-9494
6 | jeff.margulies@nortonrosefulbright.com
stephanie.stroup@nortonrosefulbright.com
7 | julie.glazer@nortonrosefulbright.com
jade.jurdi@nortonrosefulbright.com
8 |
Attorneys for Defendant
9 | DEOLEO USA, INC., formerly known as MED
FOODS, INC.

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 | SCOTT KOLLER, an individual, on behalf of
himself, the general public and those similarly

Civil Action No.  3:14-CV-02400-RS

15 | situated,

**NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEOLEO USA, INC.'S MOTION TO STAY**

16 | Plaintiffs,

17 | v.

18 | DEOLEO USA, INC.; and MED FOODS, INC.,

Date: December 17, 2015
Time: 1:30 p.m.

19 | Defendants.

Ctrm. 3, 17th Floor

20 | Hon. Judge Richard Seeborg

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

41987127.5

- 1 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 17, 2015 at 1:30 p.m. or as soon thereafter as the matter may be heard, Defendant Deoleo USA, Inc. will, and hereby does move, for an order staying this case pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th Cir. filed Oct. 2, 2015), which will address many of the same legal and factual issues this Court will face when evaluating Plaintiff's motion for class certification.  The motion to stay is made pursuant to the Court's inherent power to stay a case pending resolution of independent proceedings that may bear on the case pending before the Court.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and on such other written and oral argument as may be presented to the Court.

Dated: November 12, 2015                    JEFFREY B. MARGULIES
                                            STEPHANIE A. STROUP
                                            JULIA B. GLAZER
                                            JADE JURDI
                                            **NORTON ROSE FULBRIGHT US LLP**


                                            By_____/s/ Julia Glazer_____
                                                JULIA B. GLAZER
                                                Attorneys for Defendant
                                                DEOLEO USA, INC., formerly known as
                                                MED FOODS, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

After reviewing Plaintiff Scott Koller's recently filed Motion for Class Certification, Defendant Deoleo USA, Inc. believes that this case should be stayed pending the resolution of three food labeling class certification appeals which are currently before the Ninth Circuit.  The three cases pending before the Ninth Circuit— *Jones v. ConAgra Foods*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th Cir. filed Oct. 2, 2015)—involve issues similar to those in this litigation, and the Ninth Circuit's rulings on these cases will definitively establish what standards apply on class certification in food labeling cases.  District courts, including this one, have stayed similar cases pending the Ninth Circuit's decisions on those appeals, finding the interests of both the court and parties are best served by such a stay.  As such, Deoleo respectfully requests that this matter be stayed as well.

### II.     FACTUAL BACKGROUND

#### A.      Procedural History

Plaintiff initiated this action on May 23, 2014, against Deoleo for allegedly misrepresenting the country of origin on certain of its olive oil products (the "Olive Oil Products"), and the quality of certain of its extra virgin olive oils (the "EVOO Products"). Plaintiff alleges that the EVOO Products do not meet extra virgin olive oil ("EVOO") standards, and that Deoleo misleads consumers into believing that all of the Olive Oil Products are made solely from Italian olives because the labels state that the products are "Imported From Italy," when the olives used to produce the oils originate in different countries.  (*See* First Amended Complaint ("FAC"), Dkt. No. 31, ¶¶ 1, 19-44.)  The operative complaint includes causes of action for unlawful, unfair, and fraudulent business acts and practices in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.*, along with fraud, deceit, and misrepresentation claims.  (*See id.* at

¶¶ 69-111.)

Deoleo filed a motion to dismiss the First Amended Complaint on September 25, 2014 (Dkt. No. 32) which was denied on January 6, 2015.  (Dkt. No. 48.)  Between January 2015 and the present Deoleo responded to discovery propounded by Plaintiff, producing over two hundred thousand pages of documents, as well as five 30(b)(6) witnesses.  On October 29, 2015, Plaintiff filed a motion to certify the following two classes:

- Extra Virgin Olive Oil Class ("EVOO Class"): All purchasers in California of bottles of Bertolli Extra Virgin olive oil , between May 23, 2010 and August 15, 2015, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante" (collectively "Bertolli EVOO").

- Imported from Italy Class ("IFI Class"): All purchasers in California of liquid Bertolli Extra Light, Classico, or Extra Virgin olive oil, between May 23, 2010 and May 30, 2014, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante."

(Motion for Class Certification, Dkt. No. 62, p. vi.)

Following review of Plaintiff's motion for class certification,[1] it became apparent to Deoleo that this case should be stayed pending the Ninth Circuit's resolution of *Jones v. ConAgra Foods*, *Brazil v. Dole Packaged Foods, LLC*, and *Kosta v. Del Monte Foods*.

### B.    The Cases Pending Before the Ninth Circuit

The three cases pending before the Ninth Circuit all involve similar claims to those at issue here.  All of these cases involve claims of false and misleading labeling of food products, and allege violations of California's UCL, FAL, and CLRA.   And all three involve class certification issues.

### 1.    *Jones v. ConAgra*

*Jones v. ConAgra* alleges various products (Hunt's canned tomatoes, PAM cooking spray, and Swiss Miss cocoa) include false and misleading label statements, such as nutrient content claims, antioxidant content claims, "preservative-free" claims, and synthetic chemical content

---

[1] The parties also recently submitted a joint statement regarding the briefing schedule and hearing date for Plaintiff's motion for class certification.

DOCUMENT PREPARED
ON RECYCLED PAPER

1   omissions.  The operative complaint includes the same causes of action as in the instant case—
2   unlawful, unfair, and fraudulent business acts and practices in violation of Business and
3   Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of
4   Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies
5   Act, Cal. Civil Code § 1750, *et seq.*  No. 12-CV-01633-CRB, Dkt. No. 95 (N.D. Cal. Jan. 15,
6   2013).

7        In *Jones v. ConAgra*, the plaintiffs filed motions for class certification which were denied
8   in June 2014.  *See* No. 12-CV-01633-CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014).  In his
9   opinion, Judge Breyer concluded that the class was not ascertainable because the products and
10  labels changed over time.  *See id.* at *8-12.  The court found that because individual class
11  members may not remember what language was on the particular product they purchased, the
12  class was dependent on a potential "subjective memory problem."  *Id.* at *10.

13       This issue is highly relevant to this action because some of the Olive Oil Product labels
14  changed during the class period.  Plaintiff's proposed IFI Class consists of all California
15  purchasers of liquid Bertolli Extra Light, Classico, or Extra Virgin olive oil,[2] between May 23,
16  2010 and May 30, 2014.  (Motion for Class Certification, Dkt. No. 62, p. vi)  The "Imported from
17  Italy" language was removed from the labels of some of these products as early as December 12,
18  2013.  Other labels were changed in early 2014.  (Ex. 23 to Simplicio Decl., Dkt. No. 61-31.)  A
19  proposed class here would depend on whether the individual class member either retained proof
20  of purchase or recalled the exact date, particular product, and specific language on the label they
21  purchased.  This would leave any class here contingent on a similar "subjective memory
22  problem."

23       Judge Breyer also held that individual inquiries regarding the materiality of the allegedly
24  false statement ("natural") precluded class certification.  *See Jones*, 2014 WL 2702726, at *16-17,
25  *19.  The Court held that a lack of evidence demonstrating the impact of the challenged label
26  statement defeated predominance.  *See id.* at *16.  To establish that a reasonable consumer would

27
28  _____
    [2] Except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante."

DOCUMENT PREPARED
ON RECYCLED PAPER

attach significance to the challenged label statements, plaintiffs submitted an expert declaration that offered nothing more than the expert's unsupported claim that "the [challenged statements] would be material to a reasonable consumer." *Id.* at *15. The expert did not explain how the challenged statements were a factor in any purchasing decisions, nor did she survey any customers to assess whether the statements were material to them. *See id.* Plaintiff here does not even offer that. Plaintiff simply claims that "the question of whether the misrepresentation or omission is "material" under California law is an objective one, depending on the "reasonable person" standard, and has long been so" and "[b]ecause materiality is an objective standard common to all, and classwide reliance is inferred if the misrepresentations were material, the common question of materiality predominates." (Motion for Class Certification, pp. 19-20.) One of the exact questions on appeal is "[d]id the district court commit error by denying Rule 23(b)(3) class certification after erroneously concluding that individual issues of materiality and reliance predominate over common issues?" Brief for Appellant, No. 14-16327, p. 2 (9th Cir. filed July 14, 2014.) The Ninth Circuit's decision on this question is likely to impact this Court's determination of whether Plaintiff has met his burden in this case.

Judge Breyer also rejected each of the plaintiff's three damages models ("full refund," "price premium," and "regression") as incapable of showing class-wide damages under *Comcast*. *Id.* at *19-23. Plaintiff here has submitted an expert declaration purporting to rely upon a regression analysis to support his class-wide damages claim.

On July 7, 2014, the parties stipulated to dismiss the case so that the plaintiffs could appeal Judge Breyer's order denying class certification, No. 12-CV-01633-CRB, Dkt. No. 231 (N.D. Cal. July 7, 2014); *see also* No. 14-16327 (9th Cir. appeal filed July 14, 2014). The appeal is fully briefed, but oral argument has not been scheduled.

### 2.   *Brazil v. Dole*

*Brazil v. Dole* involves allegations that statements such as "all natural" on Dole's frozen fruit and fruit cup labels are false and misleading. Similar to *Jones v ConAgra* and the instant case, the operative complaint alleges causes of action for unlawful, unfair, and fraudulent

DOCUMENT PREPARED
ON RECYCLED PAPER

business acts and practices in violation of Business and Professions Code § 17200, *et seq.*, misleading, deceptive, and untrue advertising in violation of Business and Professions Code § 17500, *et seq.*, and violation of the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* No. 12-CV-01831-LHK, Dkt. No. 148 (N.D. Cal. June 12, 2014).

The plaintiff filed a motion for class certification, and Judge Koh initially certified a damages class, finding the proposed class to be sufficiently ascertainable with common issues predominating. No. 12-CV-01831-LHK, 2014 WL 2466559, at *6, *9. However, on November 6, 2014, Judge Koh decertified the damages class after finding the regression analysis was flawed because it failed to control for variables affecting price. No. 12-CV-01831-LHK, 2014 WL 5794873, at *11-14 (N.D. Cal. Nov. 6, 2014). In de-certifying the class, Judge Koh focused on the methodological failings of the plaintiff's damages model and concluded that the model "[did] not sufficiently isolate the price impact of Dole's use of the 'All Natural Fruit' labeling statements," and therefore "fail[ed] under *Comcast* to adequately tie damages to Dole's supposed misconduct." *Id.* at *8. Judge Koh identified two critical problems with plaintiff's expert's hedonic price regression. First, the model failed to include a critical factor—advertising expenditures. *Id.* at *11. In addition to this "omitted variable problem," the model assumed that the non-Dole brands did *not* have an 'All Natural Fruit' label. *Id.* at *12. Absent this data, Judge Koh concluded that the methodological issues rendered the damages model "fundamentally flawed." *Id.* at 4.

A month later, Judge Koh granted summary judgment in favor of Dole because the plaintiff failed to offer sufficient evidence to support his claims. No. 12-CV-01831-LHK, 2014 WL 6901867, at *6-8 (N.D. Cal. Dec. 8, 2014). Judge Koh found that there was insufficient evidence that the label statement on challenged products was likely to mislead reasonable consumers. *Id.* at *4. The court held that "a few isolated examples of actual deception were insufficient" for the plaintiff to survive summary judgment. *Id.* at *5. The plaintiff then appealed the certification order, summary judgment order, and rulings on two motions to dismiss. *See* No. 5:12-cv-01831, Dkt. No. 244 (N.D. Cal.); No. 14-17480, Dkt. No. 1 (9th Cir. appeal filed Dec.

DOCUMENT PREPARED
ON RECYCLED PAPER

17, 2014).  As of the date of this submission, the appeal is fully briefed, but oral argument has not been scheduled.

Although the exact failings of the damages model in *Brazil v. Dole* are specific to the facts of that matter, the underlying methodological issues are very much relevant to this action because Plaintiff has submitted an expert declaration also purporting to rely on a regression model to support his class-wide damages claim.  The Ninth Circuit's decision in *Brazil v. Dole* will undoubtedly bear on the acceptability of Plaintiff's damages model.

### 3.    *Kosta v. Del Monte*

In *Kosta v. Del Monte*, plaintiffs alleged that labels on canned tomato products, vegetable products and fruit products were false and misleading because they allegedly failed to disclose preservatives and chemical content, made inaccurate nutrient content and antioxidant claims, and claimed that refrigeration was required when it was not.  *See* No. 4:12-CV-01722-YGR, Dkt. No. 156 (N.D. Cal. Sept. 2, 2014).  The plaintiffs filed a motion for class certification, then withdrew some of the claims related to certain products and certain label statements.  *See id.*  Judge Gonzales Rogers denied class certification without prejudice, and Plaintiffs filed another class certification motion.  No. 4:12-CV-01722-YGR, Dkt. 174 (N.D. Cal. Nov. 10, 2014).  However, on July 30, 2015, Judge Gonzales Rogers denied that motion, finding that the class was not ascertainable and the plaintiffs failed to demonstrate common issues of law and fact.  No. 4:12-CV-01722-YGR, Dkt. No. 211, 308 F.R.D. 217 (N.D. Cal. 2015).  The court noted that there was evidence that around half of the canned tomatoes at issue did not contain the allegedly misleading labeling and that over half of the packaged fruit products actually did require refrigeration.  *Id.* at 227.  Therefore, even if the proposed class were limited, it was irrelevant because the issue would still turn on consumers' memories of which products they bought over the class period.  *Id.* at 229.  The plaintiffs appealed and briefing is ongoing.  See No. 4:12-CV-01722, Dkt. No. 211 (N.D. Cal.); No. 15-16974, Dkt. 1 (9th Cir. appeal filed Oct. 2, 2015).

The Ninth Circuit will decide the standards necessary to meet the ascertainability requirement in food labeling cases, as well as whether a "fill-in-the-blanks" boilerplate

DOCUMENT PREPARED
ON RECYCLED PAPER

declaration from an expert that consumers would rely on a statement is sufficient to establish that the materiality of the label statements is a common question. As discussed above, the issue of ascertainability is highly relevant to the instant case.

## III.  **ARGUMENT**

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390258, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

Numerous courts in this District have stayed food labeling cases like this one, while *Jones v. ConAgra* and *Brazil v. Dole* are on appeal.[3] *See, e.g., Leonhart v. Nature's Path Foods, Inc.*, No. 13-CV-00492-BLF, 2015 WL 3548212, at *3-4 (N.D. Cal. June 5, 2015) (Freeman, J.); *Wilson v. Frito-Lay North America*, No. 12-CV-1586-SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015); *Pardini v. Unilver United States*, No. 13-CV-01675-SC, 2015 WL 1744340, at *3 (N.D. Cal. Apr. 15, 2015); *Astiana v. Hain Celestial Group, Inc.*, No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015); *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *2-4 (N.D. Cal. Dec. 10, 2014) (staying case pending *Jones v. ConAgra* appeal); *Parker v. J.M. Smucker Co.*, No. 13-cv-00690-SC, slip op. at 3 (N.D. Cal. Dec. 18, 2014) (Dkt. No. 74) (same); *Allen v. ConAgra Foods*, No. 13-CV-01279-HSG, slip op. at 1 (N.D. Cal. Feb. 20, 2015) (same). These cases have been stayed at various points in litigation. *See, e.g., Gustavson*, 2014 WL 6986421, at *3 (staying case prior to motion for class certification); *Pardini*, 2015 WL 1744340, at *2 (staying case prior to production of documents or taking of depositions).

To determine whether to grant a stay, courts weigh three factors: (1) the possible damage

---

[3] The appeal in *Kosta v. Del Monte* was only recently filed on October 2, 2015, however at least one court has granted a stay since then based on *Kosta* (and *Jones v. ConAgra* and *Brazil v. Dole*). *See Thomas v. Costco Wholesale Corporation*, No. 12-cv-02908-BLF, 2015 WL 6674696, at * 3 (N.D. Cal. Nov. 2, 2015) (staying case pending *Jones v. ConAgra, Brazil v. Dole,* and *Kosta v. Del Monte* appeals).

DOCUMENT PREPARED
ON RECYCLED PAPER

which may result from granting a stay; (2) the hardship that a party may suffer if the stay is not granted; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Gustavson*, 2014 WL 6986421, at *2 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 99 U.S. 248, 254-55 (1936))) (the "*Landis* factors"). Each of the *Landis* factors is met here.

### A.      A Stay Will Promote the Orderly Course of Justice

It is in the interest of justice to prevent duplicative proceedings and simplify the "issues, proof, and questions of law." *FormFactor Inc. v. Micronics Japan Co., Ltd.*, No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (granting motion to stay where other proceedings would determine how the action before the court should proceed).  A stay would "be the most efficient and fairest course . . . [as] there are 'independent proceedings which bear upon the case.'"  *Gustavson*, 2014 WL 6986421, at *3 (citing *Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Elec. Arts, Inc.*, No. 11-04897 JW, 2012 WL 219428, at *1 (N.D. Cal. Jan. 24, 2012) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979))); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-12 (9th Cir. 2005).

When the Ninth Circuit issues its opinions in *Jones v. ConAgra*, *Brazil v. Dole* and *Kosta v. Del Monte*, it is likely to provide substantial guidance, and possibly new law, on issues material to the class certification issues in the instant case, such as:  (1) if and how the ascertainability requirement of Rule 23 can be met in food labeling cases; (2) how to measure damages in food labeling cases, including whether various damage models are viable; and (3) whether there is a presumption of reliance on and materiality of food labels, and what standards apply to assess such a claim.  Since class certification is a critical and central aspect of this purported class action, justice will best be served by staying this case until after the three food-labeling cases before the Ninth Circuit are decided.

### B.      Absent a Stay, the Court and the Parties Will Waste Time and Resources on Issues That Will be Resolved by the Ninth Circuit

DOCUMENT PREPARED
ON RECYCLED PAPER

A stay of this case will prevent the squandering of time and resources on issues that will be resolved by the Ninth Circuit.  The decisions in the three cases may change applicable law and requirements for development of a factual record.  Absent a stay, factual and legal theories for class certification may change in light of Ninth Circuit controlling precedent, and discovery will need to be adapted accordingly.  *See Pardini*, 2015 WL 1744340, at *2.  This would require the Court to re-open discovery so that a party could re-depose key witnesses or re-brief its class certification papers.  For example, if the Ninth Circuit concludes that a particular damage model is more viable than another model, Plaintiff may wish to revise his damages model and/or Deoleo may need to change its approach to combating Plaintiff's damages model and may need to re-conduct expert discovery accordingly.  *Gustavson*, 2014 WL 6986421, at *3 (noting in a similar case that guidance from the Ninth Circuit would "be material" to a class certification motion and the *Jones v. ConAgra* decision would "prompt further briefing as to whether any certified class should be decertified, or whether a class should be newly certified.").  The parties would have to commit resources towards this potentially unnecessary and extraneous work if compelled to proceed.  *See id.*; *see also Parker*, slip op. at 2; *Alvarez v. T-Mobile USA, Inc.*, No. 2:10-2373 WBS GGH, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) ("[i]t would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year.").  Because the Ninth Circuit's impending guidance will prevent wasteful depletion of time and resources, the Court should enter a stay in this case.

### C. Plaintiff Will Not Be Injured By a Stay

The final *Landis* factor also weighs in favor of a stay.  First, Plaintiff has not demonstrated that he would be injured by a stay.  Moreover, absent a stay, decisions in the cases pending before the Ninth Circuit could lead to another round of class certification or decertification motions and a re-opening of discovery.  Even if Plaintiff were to enjoy re-briefing a class certification motion, filing further motions would waste time and resources for all involved.  Finally, the stay would not be indefinite. The *Jones* and *Brazil* appeals have already been fully briefed, and are awaiting oral argument.  A stay pending guidance from the Ninth Circuit would be to the advantage of the

DOCUMENT PREPARED
ON RECYCLED PAPER

1  Court and the parties involved.

2  **IV.    <u>CONCLUSION</u>**

3         For the reasons set forth above, Deoleo respectfully requests that the Court grant its

4  motion to stay the case pending resolution of *Jones v. ConAgra*, *Brazil v. Dole*, and *Kosta v. Del*

5  *Monte*.

6  Dated: November 12, 2015                    JEFFREY B. MARGULIES

7                                               STEPHANIE A. STROUP
                                                JULIA B. GLAZER

8                                               JADE JURDI
                                                **NORTON ROSE FULBRIGHT US LLP**

9

10

11                                              By_____/s/ Julia Glazer
                                                   JULIA GLAZER

12                                                 Attorneys for Defendant
                                                   DEOLEO USA, INC., formerly known as

13                                                 MED FOODS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER