UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KOLLER,<br><br>   Plaintiff,<br><br>   v.<br><br>MED FOODS, INC., et al.,<br><br>   Defendants. | Case No. 14-cv-02400-RS<br><br>**ORDER GRANTING MOTION TO STAY** |

Pursuant to Civil Local Rule 7-1(b), defendant's motion to stay this action pending decisions from the Ninth Circuit in *Jones v. ConAgra Foods*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods*, No. 15-16974 (9th Cir. filed Oct. 2, 2015) is suitable for disposition without oral argument, and the hearing set for December 17, 2015 is vacated.

"A district court has the inherent power to stay its proceedings. This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Fuller v. Amerigas Propane, Inc.*, 09-CV-2493-TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (quoting *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal.1997)). In considering whether a stay is appropriate, the court should weigh three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the

1    simplifying or complicating of issues, proof, and questions of law which could be expected to
2    result from a stay." *Id*. (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing
3    *Landis v. N. Am. Co*, 99 U.S. 248, 254–55 (1936))).

4    As plaintiff correctly notes, the mere fact that one or more appellate cases are pending with
5    potential impact on a district court action generally will not serve to support a stay request. *See*
6    *Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to
7    stand aside while a litigant in another settles the rule of law that will define the rights of both.") In
8    the context of the emerging body of cases involving food product labeling, however, numerous
9    courts in this district have concluded that the circumstances warrant waiting for further circuit
10   guidance prior to proceeding with class certification. *See*, *e.g.*, *Samet v. Kellogg Co*., No. 12-CV-
11   1891-PSG, 2015 WL 6954989, at *2 (N. D. Cal. Nov. 10, 2015) (partial stay); *Thomas v. Costco*
12   *Wholesale Corp*., 12-CV-02908-BLF, 2015 WL 6674696, at *3 (N.D. Cal. Nov. 2, 2015); *Park v.*
13   *Welch*, No. 5:12-CV-06449-PSG, Dkt. 77 (N.D. Cal. Oct. 22, 2015); *Astiana v. Hain Celestial*
14   *Group*, *Inc*., No. 11-cv-06342-PJH, Dkt. 114 (N.D. Cal. Oct. 9, 2015); *Wilson v. Frito-Lay North*
15   *America*, No. 12-CV-1586-SC, 2015 WL 4451424, at *2 (N.D. Cal. July 20, 2015); *Leonhart v.*
16   *Nature's Path Foods, Inc*., No. 13-CV-00492-BLF, 2015 WL 3548212, at *3-4 (N.D. Cal. June 5,
17   2015); *Pardini v. Unilever United States*, No. 13-CV-01675-SC, 2015 WL 1744340, at *3 (N.D.
18   Cal. Apr. 15, 2015); *Allen v. ConAgra Foods*, No. 13-CV-01279-HSG (N.D. Cal. Feb. 20, 2015);
19   *Parker v. J.M. Smucker Co*., No. 13-CV-00690-SC  (N.D. Cal. Dec. 18, 2014) (Dkt. No. 74);
20   *Gustavson v. Mars, Inc*., No. 13-CV-04537-LHK, 2014 WL 6986421, at *2-4 (N.D. Cal. Dec. 10,
21   2014).

22   While plaintiffs in many of these actions supported or acquiesced in the requests for stays,
23   the *Leonhart* and *Gustavson* decisions explain why stays were warranted even over plaintiffs'
24   opposition, and are persuasive here. As *Gustavson* observed, "whatever the outcome in *Jones*, the
25   Ninth Circuit's decision is likely to provide substantial guidance, if not new law, that will
26   materially impact the Court's decisions in the instant case." 2014 WL 6986421, at *3. The
27   potential costs to the parties and the court should it be necessary to revisit class certification after
28

circuit court rulings substantially outweigh any hardship to plaintiff and the class from a stay.

Additionally, plaintiff's complaint that defendant should have sought a stay earlier in time, before costs of discovery and opening briefing on certification were incurred, is not persuasive. As explained in *Doe v. Selection.com*, No. 15-CV-02338-WHO, 2015 WL 5853700, at *1 (N.D. Cal. Oct. 8, 2015), the fact that a case is in its early stages with class certification not yet looming can actually weigh *against* imposing a stay.

Accordingly, defendant's motion for a stay will be granted. This action is hereby stayed, pending further order, with the following conditions:

1) Plaintiff shall file a notice upon the issuance of a decision on the merits in any of three appeals upon which defendant's stay motion was based. At that juncture the Court will either lift the stay, or continue it pending disposition of the remaining appeals, or solicit further briefing.

2) The parties shall complete any and all discovery that was initiated prior to the issuance of this order.

**IT IS SO ORDERED**.

Dated: December 14, 2015

_____
RICHARD SEEBORG
United States District Judge