**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES, BAR NO. 126002
STEPHANIE STROUP, BAR NO. 235071
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
jeff.margulies@nortonrosefulbright.com
stephanie.stroup@nortonrosefulbright.com

Attorneys for Defendant
DEOLEO USA, INC., formerly known as MED FOODS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KOLLER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEOLEO USA, INC.; and MED FOODS, INC.,<br><br>Defendants. | Civil Action No.  3:14-CV-02400-RS<br><br>**AMENDED LETTER OF REQUEST TO THE CENTRAL AUTHORITY OF AUSTRALIA FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1975 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

For the purposes of section 32(1) of the Evidence on Commission Act 1995 (NSW) ("NSW Act"), the United States District Court for the Northern District of California hereby requests international judicial assistance from the Supreme Court of New South Wales and applies for an order, under sections 33(1) and 33(3)(a), 33(3)(b), 33(3)(c) and 33(3)(d) of the NSW Act for the oral examination of witnesses to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This request is also made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters ("the Hague Convention"), 28 U.S.C. § 1781(b), and Fed. R. Civ. P. 28(b).

This Court has determined that the deposition testimony of the entity described below and documents requested from the entity described below are relevant and may be necessary so that a just resolution of the above-captioned case may be achieved. The evidence sought to be obtained through these requests cannot be obtained by any other method. This Court assures the Supreme Court of New South Wales and the appropriate judicial authority designated to execute this request that the courts of the United States are authorized to provide assistance to foreign tribunals in the execution of letters of request (or letters rogatory) for assistance in civil matters. The requesting Court is a court of law and equity.

On information and belief, the entity described below resides in Australia, within the province of New South Wales. The testimony of the entity described below is intended for use in pretrial preparations, and may be used at trial, as permitted by the U.S. Federal Rules of Civil Procedure and the U.S. Federal Rules of Evidence. Subject to sections 34(1)(b)-(2)(a) of the NSW Act, this Court is not seeking, by virtue of an order under section 33(1) of the NSW Act, that the entity identified herein be compelled to give evidence at an examination that they would not be required to give in the above-captioned matter. This Court lacks authority to compel participation of this entity. To ensure the participation of the entity described below, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the Supreme Court of New South Wales and/or the appropriate judicial authorities in Australia.

1. **Sender:**

Chief Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

On the application of:

Deoleo USA, Inc.
c/o Norton Rose Fulbright US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071 U.S.A.

2. **Central Authority of the Requested State:**

Australian Government Attorney-General's Department
Robert Garran Offices
3-5 National Circuit
BARTON, ACT 2600
Australia
Telephone: +61 2 6141 3332 (for voicemail messages)
Fax: +61 2 6141 5452
Email: pil@ag.gov.au
Contact person: Ms. Carmen Miragaya, Principal Legal Officer

3. **Person to whom the executed request is to be returned:**

Jeffrey Margulies
Norton Rose Fulbright US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071 U.S.A.
Telephone: (213) 892-9286
Fax: (213) 892-9494
Email: jeff.margulies@nortonrosefulbright.com

4. **Specification of the date by which the requesting authority requires receipt of the Response to the Letter of Request:**

As soon as practicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5.     a.     **Requesting judicial authority:**

Chief Magistrate Judge Joseph C. Spero
United States District Court for the Northern District of California
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    b.     **To the competent authority of:**

The Central Authority of the Requested State

    c.     **Name of the case and any identifying number:**

<u>Name of the case:</u> Scott Koller v. Deoleo USA, Inc.; and Med Foods, Inc.

<u>Identifying number:</u> United States District Court for the Northern District of California, Civil Action No. 3:14-CV-02400-RS

6.     **Name and addresses of the parties and their representatives:**

    a.     **Plaintiff**

Scott Koller
100 Pine Street, Suite 1250
San Francisco, CA 94111 U.S.A.

*Counsel for the Plaintiff*

Adam Gutride
Seth Safier
Kristen Simplicio
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111 U.S.A.
Telephone: (415) 992-7549
Facsimile: (415) 449-6469

Hassan Zavareei
Andrew Silver
Jeffrey Kaliel
Tycko & Zavareei LLP
2000 L Street, NW, Suite 808
Washington, DC 20036 U.S.A.
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

b.   **Defendant**

Deoleo USA, Inc.
10700 North Freeway, Suite 800
Houston, Texas 77037

*Counsel for the Defendant*

Jeffrey Margulies, Esq.
Stephanie Stroup, Esq.
Norton Rose Fulbright US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071 U.S.A.
Telephone: (213) 892-9286
Fax: (213) 892-9494
Email: jeff.margulies@nortonrosefulbright.com

7.   a.   **Nature of the Proceedings:**

On May 23, 2014, Scott Koller ("Plaintiff") filed a class action lawsuit[1] against Deoleo USA, Inc. ("Deoleo" or "Defendant") for allegedly misrepresenting the quality of the following extra virgin olive oils produced and sold by Deoleo: Bertolli Extra Virgin Olive Oil, Bertolli Organic Extra Virgin Olive Oil, Carapelli Il Numerato Extra Virgin Olive Oil, Carapelli Organic Extra Virgin Olive Oil, and Carapelli Extra Virgin Olive Oil (collectively the "EVOO Products"). Plaintiff alleges that the EVOO Products do not meet extra virgin olive oil ("EVOO") standards and therefore are falsely labeled. On October 29, 2015, Plaintiff filed a Motion for Class Certification seeking to certify the following class[2]:

---

[1] Plaintiff filed an amended complaint on September 11, 2014 (the "Complaint"). Plaintiff's amended complaint is attached as Attachment 1.

[2] The Complaint also alleges that Deoleo misleads consumers into believing that the EVOO Products, as well as Bertolli Classico Olive Oil, Bertolli Extra Light Tasting Olive Oil, and Carapelli Extra Light in Taste Olive Oil (collectively the "Olive Oil Products") are made solely or primarily from olives grown and/or milled in Italy because the labels state that the products are "Imported From Italy," when the olives used to produce the oils originate in different countries. Plaintiff's Motion for Class Certification thus seeks to certify a second class, the Imported from Italy Class ("IFI Class"), which includes "[a]ll purchasers in California of liquid Bertolli Extra Light, Classico, or Extra Virgin olive oil, between May 23, 2010 and May 30, 2014, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante."" Because Deoleo does not seek discovery of information from WWAI related to the "Imported from Italy" claim, this Letter of Request only concerns the "Extra Virgin" claim made by Plaintiff, and a discussion of the "Imported from Italy" claim has been omitted.

- Extra Virgin Olive Oil Class ("EVOO Class"): All purchasers in California of bottles of Bertolli Extra Virgin olive oil[3], between May 23, 2010 and August 15, 2015, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante".

Plaintiff's Complaint contains causes of action on behalf of the class under the California Unfair Competition Law (Cal. Business & Professions Code § 17200 et seq.) ("UCL"), the California Legal Remedies Act (Cal. Civ. Code § 1750 et seq.) ("CLRA"), the California False Advertising Law (Cal. Business & Professions Code § 17500) ("FAL"), and for common law fraud, deceit and/or misrepresentation. Plaintiff seeks restitution and injunctive relief pursuant to the CLRA, as well as his costs and reasonable attorneys' fees. Plaintiff also seeks restitution, and an award of compensatory damages, the amount to be determined at trial. Additionally, Plaintiff is seeking punitive damages, in an amount to be determined at trial.

As discussed below, Deoleo seeks documents and information located in Australia in order to oppose Plaintiff's Motion for Class Certification (the "Motion") and substantive claims.

b. **Summary of the Complaint:**

Plaintiff is an individual who alleges he purchased Bertolli extra virgin olive oil for approximately $12, in or around October of 2013. (Complaint ("Compl.") ¶ 56.) Plaintiff alleges that the product that he purchased "was not extra virgin at the time of purchase and certainly not for the period through the 'Best if Used By' date or even during the period during which he reasonably expected or would be likely to use it." (Id. at ¶ 58.) Plaintiff claims "had [Deoleo] not misrepresented (by omission and commission) the true nature of the olive oil, Plaintiff would not have purchased [Deoleo's] product or, at a very minimum, he would have paid less for the product that he purchased." (Id.) On this basis Plaintiff alleges that Deoleo engaged in false and deceptive marketing and sale of its olive oil products. (Id. at ¶ 1.)

---

[3] As discussed above, Plaintiff's Complaint also included a number of other Deoleo EVOO products in the EVOO Class. Plaintiff's Motion for Class Certification only includes Bertolli EVOO products. This Letter of Request seeks documents and information regarding all Deoleo olive oil products tested by Wagga Wagga. As Plaintiff has not amended his Complaint to remove those products, Deoleo is requesting those documents in case Plaintiff later chooses to pursue claims against those products.

Plaintiff alleges that the EVOO Products produced and sold by Deoleo are mislabed because Deoleo bottles its extra virgin olive oil in clear, non-ultraviolet protective bottles which expose the oil to sunlight and heat and causes chemical reactions inside the oil and causes it to oxidize, degrade, and degenerate during shipping and while on retailer shelves, and that Deoleo knows that the oil will not qualify (and cannot be defined) as "extra virgin" at the time it is sold to consumers. (*Id.* at ¶ 1b.) Plaintiff claims that Deoleo's deception is compounded by providing a "Best if Used By" date on each bottle that is approximately 18 months to two years after the date of bottling, even though Deoleo knows that the oil sold in the bottles will not be "extra virgin" through the period specified. (*See id.*) Deoleo disputes these allegations.

  c.  **Summary of the Claims:**

Plaintiff's belief that he purchased olive oil that was not extra virgin quality is partially based on testing of the EVOO Products conducted by the Wagga Wagga Agricultural Institute ("WWAI") located in New South Wales, Australia. (*See id.* at ¶¶ 34-35.)

To support his claim that the Court should certify the EVOO Class because Bertolli EVOO does not meet extra virgin standards, Plaintiff relies in part on a declaration from Rodney J. Mailer, Ph.D. ("Dr. Mailer"),[4] a putative expert in the field of oil chemistry and quality. Dr. Mailer's declaration in turn relies in part on chemical and sensory testing conducted by WWAI to conclude that "Bertolli EVOO did not meet the extra virgin standard when tested and/or could not be expected to be extra virgin through the best by date." (Declaration of Rodney J. Mailer, Ph.D., In Support of Plaintiff's Motion for Class Certification ("Mailer Decl.") ¶ 88; *see* Mailer Decl. ¶¶ 85-93, 95-100, Ex. 3a-3e) (attached hereto as Attachment 2). Dr. Mailer then subsequently relies in part on the same testing conducted by WWAI to offer an opinion on the quality of *all* bottles of Bertolli EVOO. (*See* Mailer Decl. ¶¶ 85-93, 95-100, 116, Ex. 3a-3e.) Dr. Mailer also claims to rely on other evidence for his opinion, such as testing performed by other entities, and documents and testimony from Deoleo about its procurement, handling, and shipping practices. (*See, e.g., id.* ¶¶ 94, 101-116.) Dr. Mailer concludes "that the Bertolli Extra Virgin Olive Oil is mislabeled"

---

[4] Plaintiff has agreed to voluntarily produce Dr. Mailer for deposition.

and "the product will rarely be extra virgin through the "best by" date on the bottles". (*Id.* at ¶ 116.)

### d. Summary of the Defenses:

Deoleo strongly disputes Plaintiff's allegations. Deoleo asserts that all EVOO products produced and sold by Deoleo meet all applicable chemical and organoleptic requirements, and are properly labeled and sold as extra virgin. Deoleo asserts that it rigorously tests[5] its olive oil multiple times to ensure that the oil meets all applicable extra virgin standards. (*See* Deposition of Carlos Jimenez Ot ("Jimenez Ot Tr.") at 45:13-46:7, 51:1-52:1, 55:9-57:19, 59:12-60:10) (attached hereto as Attachment 3). Deoleo further asserts that it analyzes and controls all of the raw materials that are used to create its extra virgin olive oil. *See id.* Deoleo also asserts that it verifies that the shelf life that is indicated on each bottle is sufficient to avoid any alterations to the extra virgin olive oil that would lead to a change in quality (Deoleo claims that it does this by analyzing all of the parameters that can evolve with time). (*See id.*) Deoleo asserts that it also submits its oils to stress tests that accelerate the aging process and verifies whether after being subjected to oxidating stress, the quality remains extra virgin. (*See id.*) Finally, Deoleo asserts that it verifies that all products that are at the end of their shelf life continue to meet extra virgin standards.[6] (*See id.*) Deoleo claims that it guarantees that all of the extra virgin olive oil that it sells is extra virgin, and free from sensory defects. (*See id.* at 37:20-38:8, 156:22-157:3, 158:4-8.) Therefore, Deoleo disputes Plaintiff's allegations and alleges that the evidence upon which Plaintiff and his designated expert rely is flawed.

---

[5] Deoleo claims that its internal factory laboratories are all accredited by the IOC. (IOC List of Chemical Testing Laboratories available at www.internationaloliveoil.org/documents/viewfile/4329-list-of-chemical-testing-laboratories; *see* Jimenez Ot Tr. at 52:16-18, 53:13- 54:21.) Deoleo also claims that it employs a panel of tasters who conduct sensory testing. (*See* Jimenez Ot Tr. at 48:5-49:13.) Deoleo asserts that its oil tasting panel was recognized and accredited by the IOC until the IOC made the decision to no longer accredit or recognize private company panels. (*See id.* at 49:12-50:2.)

[6] Deoleo asserts that the foregoing is an extremely brief summary of its testing and quality control measures and that many other measures are also employed..

Plaintiff disputes Deoleo's assertions, as Dr. Mailer has criticized Deoleo's *testing regime* and its other practices. (*See, e.g.*, Mailer Decl. ¶¶ 103-04, 108-110, 113-15).

While Plaintiff has produced some reports prepared by WWAI, Deoleo asserts that Plaintiff has only produced limited documents regarding the chain of custody of the tested olive oil bottles, and has only produced photographs of some of the bottles tested. Deoleo also asserts that Plaintiff has not produced (a) any of the actual bottles of olive oil that were tested, (b) required IOC testing documents, nor (c) any documents regarding the following: (1) The handling and storage of the bottles prior to and during testing; (2) The policies and procedures utilized by WWAI; or (3) The conduct, performance, and conditions of the chemical and organoleptic testing of the olive oil bottles. Dr. Mailer's declaration claims that he "established the original WWAI laboratory in 2001 while [he] was WWAI's Principal Research Scientist," that he is "familiar with the procedures of the WWAI testing service" and that "the WWAI service is based on the latest technology and requirements of the IOC." (Mailer Decl. ¶¶ 82-83). However, because Dr. Mailer did not personally conduct the testing performed by WWAI, Deoleo asserts that Dr. Mailer is not in a position to testify regarding the above.

Further, Deoleo claims that there are discrepancies in one of the reports produced by Plaintiff, and that it is entitled to obtain evidence regarding the discrepancies. Plaintiff produced two versions of one of the testing reports from WWAI. The report was first produced to Deoleo on May 14, 2015. (*See* PL000001-PL000009) (attached hereto as Attachment 4). The report is dated April 1, 2014 (the "April 1 Final Report"), and bears the caption "**Final Report**" on the first line of the first page, and represents on the last page that "This is a final report including the completed Organoleptic Assessment." (PL000001, PL000009 (emphasis in original).) The April 1 Final Report states that a bottle of Bertolli EVOO (Sample 0002) with a code of "B/B 30-5-10" which appears to suggest a best by date of May 30, 2010, was tested, and that the bottle passed all IOC chemical standards for extra virgin olive oil, but was deemed "Ordinary" by sensory testing performed by WWAI. (*See* PL000001-PL000009.) The April 1 Final Report also states that another bottle of Bertolli EVOO (Sample 0004) with a code of "B/B 29-6-11" which appears to

suggest a best by date of June 29, 2011, was tested, and that the bottle passed all IOC chemical standards for extra virgin olive oil, but was deemed "Ordinary" by sensory testing performed by WWAI. (*See id.*) According to the April 1 Final Report, the bottles were sent for testing on February 5, 2014, and received by the laboratory on March 5, 2014. (*See* PL000003.) The report does not list a lot code, provide photographs of the bottle, or disclose any other information regarding the purchase and/or handling of the bottle prior to testing. (*See* PL000003-PL000011.) The document was heavily redacted and marked "confidential" under the protective order governing this action. (*See* PL000001-PL000009.) (An unredacted copy of the same report—which shows testing of other bottles besides the Deoleo brands—was produced as PL001015-PL001023 on November 18, 2015.) The document also states on the first page that it "shall not be reproduced, except in full, without written approval of the laboratory." (*See* PL000001.)

On June 26, 2015, Plaintiff produced another version of the April 1 Final Report to Deoleo.[7] (*See* Ex. A, Mailer Decl., Ex. 3a.) This version of the report is dated June 26, 2015, and states that it "Replaces [the April 1, 2014 Final Report]" (the "Amended Report"). (*See id.*) The Amended Report is the same as the April 1 Final Report with respect to the Bertolli EVOO Products except as follows. It changes the B/B code for Sample 0002 to 31-5-14 which would mean a best by date of May 31, 2014 and the B/B code for Sample 0004 to 30-6-15 which would mean a best by date of June 30, 2015. (Dr. Mailer's declaration states that the two bottles tested had best by dates of May 31, 2015 and June 30, 2015.) The Limit of Reporting for certain chemical tests also differs between the April 1, 2014 Final Report and the Amended Report. The Amended Report states that it "is an Amended Report with [best by] dates corrected as requested and defects listed for the Organoleptic Assessment." (*See* Ex. A, Mailer Decl., Ex. 3a.) The Amended Report does not include a basis for the corrections besides "as requested," and the Amended Report does not specify who "requested" the changes. Deoleo alleges that the "correct[ion]" of a government laboratory report 15 months after it was declared "final" based on

---

[7] The version of the report produced on June 26, 2015, was also heavily redacted, however Plaintiff attached an unredacted version to Dr. Mailer's declaration.

nothing more than a "request" raises serious questions about the independence and reliability of the laboratory.

Based on the foregoing, Deoleo believes that it is in need of discovery from WWAI regarding the bottles tested, how the sampling was performed, the actual testing of the samples (i.e. what protocols were used, how the tests were performed), the facts surrounding the reason for the Amended Report, etc., in order to support its contention that the testing is not sufficient to show that there is a common question as to whether each bottle of Bertolli EVOO failed to qualify as EVOO, and to ultimately show that Plaintiff's claims fail.

8. **Witnesses Located in Australia:**

　　a.　**WWAI's Person Most Qualified**

Pursuant to Fed. R. Civ. P. 30(b)(6), Deoleo is permitted to issue a subpoena to an organization. Fed. R. Civ. P. 30(b)(6) provides that "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf, and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization." This procedure allows WWAI to designate one or more persons to testify on its behalf with respect to the topics listed below.

　　b.　**Donna Seberry**

Ms. Seberry is a Technical Officer at WWAI, and was the "Job Manager" listed on the April 1 Final Report, Amended Report, and all other 2015 Reports. Ms. Seberry presumably oversaw all of the testing performed by WWAI and reported in the reports, and will have knowledge of the sampling of the olive oil, performance of the testing, and the conditions of the testing. Ms. Seberry may also have knowledge of the request for the Amended Report. Deoleo seeks testimony from Ms. Seberry only to the extent that the corporate representative(s) appointed

by WWAI pursuant to subparagraph (a) are not able to provide the information that Deoleo seeks.

      c.      **Helen Taylor**

Ms. Taylor was the "Job Manager" for the Organoleptic Assessment performed by WWAI. Ms. Taylor presumably oversaw the Organoleptic Assessment and will have knowledge of the sampling of the olive oil, performance of the organoleptic testing, and the conditions of the organoleptic testing. Deoleo seeks testimony from Ms. Taylor only to the extent that the corporate representative(s) appointed by WWAI pursuant to subparagraph (a) are not able to provide the information that Deoleo seeks.

      d.      **Francisca Boshuizen**

Ms. Boshuizen is listed as the "Job Manager" on all of the 2012 Reports from WWAI. Ms. Boshuizen presumably oversaw the testing performed by WWAI and reported in the reports, and will have knowledge of the sampling of the olive oil, performance of the testing, and the conditions of the testing. Deoleo seeks testimony from Ms. Boshuizen only to the extent that the corporate representative(s) appointed by WWAI pursuant to subparagraph (a) are not able to provide the information that Deoleo seeks.

      9.      **Evidence to be Obtained:**[8]

The evidence to be obtained is testimony from WWAI's 30(b)(6) designee(s) (or if necessary due to inadequate knowledge of such designee(s), from, Ms. Seberry, Ms. Taylor, and Ms. Boshuizen), and documents and things from WWAI, for use in Deoleo's opposition to Plaintiff's Motion, and in any other briefing or at trial on the following topics:

      a.      The chain of custody of all tested Deoleo olive oil bottle(s);

      b.      The handling and storage of all Deoleo bottle(s) prior to and during testing;

      c.      The conduct, performance, and conditions of the chemical and sensory testing;

      d.      Any report(s) or analyses prepared regarding the testing, and all facts relating to the chemical and sensory analyses;

---

[8] As stated above, because Plaintiff's Complaint includes a number of other Deoleo EVOO products in the EVOO Class, this Letter of Request seeks documents and information regarding all Deoleo olive oil products tested by Wagga Wagga.

 e. All facts relating to the report(s) relied upon by Dr. Mailer.

 f. The reasons for the amendment to the April 1, 2014 Final Report, including but not limited to, why and how the best by date changed, the limits of reporting changed, and the organoleptic test results were added.

 g. The Deoleo olive oil bottle(s) tested.

 h. Any photographs of the Deoleo olive oil bottle(s) tested.

**10. Identities of Persons[9] to be Examined:**

Each of the deponents listed below are to be examined and, upon information and belief, each are domiciled in Australia. Deoleo requests to take the deponent's testimony at mutually convenient times and places within Australia. The subject matters about which the deponents are to be examined are as follows:

 a. <u>WWAI's 30(b)(6) Designee</u>

  a. For each Deoleo olive oil bottle tested by WWAI from January 1, 2009 to the present:

   i. The bottle of the olive oil tested;

   ii. Any photographs of the olive oil bottle;

   iii. The chain of custody of the tested olive oil bottle;

   iv. The handling and storage of the bottle prior to and during testing;

   v. The conduct, performance, and conditions of the chemical and organoleptic testing of the olive oil bottle, including but not limited to, all facts and circumstances relating to the testing;

---

[9] As noted above, Deoleo does not seek to obtain repetitive testimony from multiple witnesses. Deoleo seeks to take the fewest number of depositions possible to obtain the requested information.

  vi. Any report(s) and/or analysis(es) prepared regarding the testing, and all facts and circumstances relating to any report and/or analysis;

b. The facts and circumstances surrounding the changes made to the April 1, 2014 Final Report that resulted in the Amended Report, including but not limited to, why and how the best by date changed, the limits of reporting changed, and the organoleptic test results were added.

 c. All facts relating to the report(s) relied upon by Dr. Mailer.

b. <u>Donna Seberry – Technical Officer, Job Manager</u>

 a. For each of the Deoleo olive oil bottles tested by WWAI from January 1, 2009 to the present:

  i. The olive oil bottle tested;

  ii. Any photographs of the olive oil bottle;

  iii. The chain of custody of the tested olive oil bottle;

  iv. The handling and storage of the bottle prior to and during testing;

  v. The conduct, performance, and conditions of the chemical testing of the olive oil, including but not limited to, all facts and circumstances relating to the testing;

  vi. Any report(s) and/or analysis(es) prepared regarding the testing, and all facts and circumstances relating to any report and/or analysis;

  vii. All facts relating to the report(s) relied upon by Dr. Mailer.

c. <u>Helen Taylor – Job Manager, Organoleptic Assessment</u>

 a. For each of the Deoleo olive oil bottles tested by WWAI from January 1, 2009 to the present:

      i. The handling and storage of the bottle during the organoleptic testing;

      ii. The conduct, performance, and conditions of the organoleptic testing, including but not limited to, all facts and circumstances relating to the testing;

      iii. Any report(s) and/or analysis(es) prepared regarding the testing, and all facts and circumstances relating to any report and/or analysis;

      iv. All facts relating to the report(s) relied upon by Dr. Mailer.

d. <u>Francisca Boshuizen – Job Manager</u>

    a. For each of the Deoleo olive oil bottles tested by WWAI from January 1, 2009 to the present:

      i. The olive oil bottle tested;

      ii. Any photographs of the olive oil bottle;

      iii. The chain of custody of the tested olive oil bottle;

      iv. The handling and storage of the bottle prior to and during testing;

      v. The conduct, performance, and conditions of the chemical testing of the olive oil, including but not limited to, all facts and circumstances relating to the testing;

      vi. Any report(s) and/or analysis(es) prepared regarding the testing, and all facts and circumstances relating to any report and/or analysis;

      vii. All facts relating to the report(s) relied upon by Dr. Mailer.

**11. Documents and Things to be Obtained:**[9]

Defendant seeks to obtain the documents below from WWAI, to be produced no later than July 15, 2017. The documents requested are as follows:

a. All Deoleo olive oil bottle(s) tested by WWAI from January 1, 2009 to the present, and any photographs of the bottles and/or labels;

b. All documents relating to any Deoleo olive oil tested by WWAI from January 1, 2009 to the present, including but not limited to, documents relating to the storing and handling of the Deoleo olive oil, chain of custody of the Deoleo olive oil, testing of the Deoleo olive oil, and/or any report(s) and/or analysis(es) regarding the Deoleo olive oil;

c. All documents regarding the testing of Deoleo olive oil required by IOC protocol (including but not limited to, those documents described in COI/T.20/Doc. No 15/Rev. 7, and those documents required by other IOC protocol found at http://www.internationaloliveoil.org/estaticos/view/224-testing-methods);

d. All documents relating to any report prepared by WWAI regarding Deoleo olive oil, including but not limited to, underlying documents, communications, and/or discussions regarding any report;

e. All documents and communications between WWAI and Plaintiff's counsel relating to Deoleo olive oil;

f. All documents and communications between WWAI and Dr. Mailer relating to Deoleo olive oil;

g. All documents relied upon by Dr. Mailer; and

h. All documents relating to the April 1 Final Report and/or Amended Report, including but not limited to, underlying documents, communications, and/or discussions regarding the April 1 Final Report and/or Amended Report.

12. **Special Methods or Procedures to be Followed:**

This Court respectfully requests that the examination shall be conducted pursuant to the Federal Rules of Civil Procedure of the United States of America, except to the extent such

procedure is incompatible with the laws of Australia. The deponents can rely on any privileges or duties not to give evidence recognised under Australian law and which would apply if they were testifying under the applicable provisions of the laws of the Federal Rules of Civil Procedure of the United States of America.

The Court also requests that the deponents be placed under oath or affirmation, and that the examination shall be taken before a commercial stenographer, may be recorded by audiographic and videographic means, and verbatim transcripts certified by the deponent shall be produced.

The Court further requests that because WWAI is not a natural person, WWAI be required to designate and produce at the deposition those of its officers, directors, managing agents, attorneys, employees, agents, or other persons who consents to testify on its behalf, who are the most qualified to testify on the matters described herein.

The Court further requests that the examinations take place, no later than July 15, 2017, in private at (1) Riverina BEC 66-70 Coleman Street, Wagga Wagga, NSW 2650; (2) the offices of Norton Rose Fulbright Australia, 18, Grosvenor Place, 225 George St, Sydney NSW 2000, Australia, or (3) a location as may be agreed upon between the Deponents and counsel for the parties. And that counsel listed below be permitted to choose an appropriate date, time, and place of the deposition, and that they be allowed to appear at the depositions and participate by asking questions of the deponent or submitting additional questions to the Court. In the alternative, this Court requests the counsel listed below be notified of the date, time, and place of the deposition, and that they be allowed to appear at the deposition and participate by asking questions of the deponent or submitting additional questions to the Court.

This Court further requests that WWAI (a) produce all of the requested documents within its possession, custody or control; (b) that the documents be numbered serially (e.g., "WW00001") for ease of identification; and (c) that electronic documents, including emails, spreadsheets and other similar documents, be produced in the form in which they ordinarily are maintained by the WWAI.

This Court also respectfully requests that if any portion of the evidence sought in this Letter Request is determined to be impermissible, that Deoleo be allowed to proceed with obtaining the remaining evidence requested. Further, in the event the evidence cannot be taken in the manner or location requested, it is to be taken in such manner or location as provided by local law.[10]

### 13. Effect on Proceedings

No party may use information obtained from this discovery in connection with the briefing and hearing on Plaintiff's Motion for Class Certification, filed October 29, 2015, Dkt. # 61-62. Discovery sought in connection with this letter must be completed by July 15, 2017 unless otherwise ordered by the Court.

### 14. Request for Notification:

This Court respectfully requests that any order made by the Court require the examining counsel to send notice of the time and place for the taking of testimony, and to provide copies of the transcript of such depositions to this Court, at the addresses below:

Clerk
United States District Court for the Northern District of California
San Francisco Courthouse
Courtroom G - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Jeffrey Margulies, Esq.
Stephanie Stroup, Esq.
Norton Rose Fulbright US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071 U.S.A.

Adam Gutride
Seth Safier
Kristen Simplicio
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111 U.S.A.

---

[10] This Court makes no findings as to whether the discovery requested herein is necessary for Deoleo to oppose Plaintiff's motion for class certification.

Hassan Zavareei
Andrew Silver
Jeffrey Kaliel
Tycko & Zavareei LLP
2000 L Street, NW, Suite 808
Washington, DC 20036 U.S.A.

**15.   Fees and Costs:**

Fees and costs incurred which are reimbursable under the Hague Convention shall be borne by Deoleo c/o Norton Rose Fulbright US LLP, 555 S. Flower Street, 41st Floor, Los Angeles, CA 90071, United States of America.  Deoleo's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these fees and costs by Plaintiff.

Date of Request:                               Feb. 15, 2017

Signature and Seal of
Requesting Authority                     _____
                                         JOSEPH C. SPERO
                                         Chief Magistrate Judge