1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT KOLLER,

               Plaintiff,

    v.

MED FOODS, INC., et al.,

               Defendants.

Case No. 14-cv-02400-RS

**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**

## I. INTRODUCTION

Plaintiff Scott Koller brings this action seeking to establish on behalf of purchasers of Bertolli and Carapelli brand olive oil that certain of those oils are misleadingly labeled. Specifically, Koller first alleges that several products marketed as "extra virgin" olive oil do not warrant that designation because they do not meet the applicable quality standards when bottled and/or degrade too quickly as the result of defendants' packaging, handling, and storage practices. Second, Koller contends that both "extra virgin" and non-extra virgin olive oil products are deceptively marketed as "imported from Italy," when in fact the olives used to make the oil come from any of a number of other countries. Koller now moves to certify two classes of purchasers. Because Koller has adequately shown the prerequisites for certification have been satisfied, his motion will be granted.

United States District Court
Northern District of California

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 23 allows for the certification of a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  If these prerequisites are satisfied, a class action may be maintained if, as relevant here, "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3), or "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

"[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis," that the requirements of Rules 23(a) and (b) have been satisfied.  *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (citations and internal quotation marks omitted).  "Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim."  *Id*.

## III. DISCUSSION

### A.  Class definitions

The two classes Koller proposes to have certified are:

    (1)  An "Imported from Italy" class ("IFI Class"), defined as,

> All purchasers in California of liquid Bertolli Extra Light, Classico, or Extra Virgin olive oil, between May 23, 2010 and May 30, 2014, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante."

    (2)  An "Extra Virgin Olive Oil" class ("EVOO Class"), defined as

> All purchasers in California of bottles of Bertolli Extra Virgin olive oil, between May 23, 2010 and August 15, 2015, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante."

1    Koller further defines the classes by referring to UPC codes, and clarifies that olive oil "sprays"

2    are not included.  Koller provides a specific list of the products at issue in an appendix to his

3    motion.  Although defendant Deoleo USA, Inc.[1] argues there are "ascertainability, " issues it does

4    not challenge the adequacy of the class definitions or the incorporation by reference of the

5    appendix.[2]

6

7         B.  Rule 23(a)

8         In this case, there is no real dispute that the four requirements of Rule 23(a) are satisfied

9    with respect to both proposed classes.  Certainly, the number of purchasers of the products

10   satisfies the numerosity element, and Deoleo does not suggest there is any reason Koller and his

11   counsel cannot or will not fairly and adequately protect the interests of the class.  Nor does Deoleo

12   suggest anything unique about Koller that would render his claims or defenses to those claims

13   atypical—except to the extent it argues none of the proposed class members' claims are typical

14   enough to warrant class treatment, an issue appropriately addressed under Rule 23(b).  Finally,

15   while Deoleo argues common issues do not *predominate*, that issue also is best addressed under

16   Rule 23(b); certainly there are sufficient questions of law *and* fact common to the class to satisfy

17   Rule 23(a).

18

19

20

21   [1] There appears to be no dispute that Medfoods, Inc., named in the complaint as a separate entity,
     is merely the prior name of Deoleo.

22

23   [2] Deoleo's contentions regarding ascertainability are now foreclosed by the Ninth Circuit's recent
     decision in *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017)("the language of
     Rule 23 neither provides nor implies that demonstrating an administratively feasible way to

24   identify class members is a prerequisite to class certification . . . .")

25

26

27

28                                               ORDER GRANTING CLASS CERTIFICATION
                                                 CASE NO. 14-cv-02400-RS

1    C.  Rule 23(b)

2    Koller seeks certification under Rule 23(b)(3) and makes no claim for a 23(b)(2) class.

3    Accordingly, he must show:

4    > The questions of law or fact common to class members predominate
     > over any questions affecting only individual members, and that a
5    > class action is superior to other available methods for fairly and
     > efficiently adjudicating the controversy.

6

7    As to both classes, it is manifest that the alleged wrongdoing and claimed injuries are of

8    the type that effectively can *only* be adjudicated through class treatment, as any form of litigation

9    on an individual basis would not be practical.  Thus, the "superiority" element is satisfied.  The

10   propriety of class certification, and the focus of the parties' controversy, therefore boils down to

11   whether common questions of fact or law predominate over any questions affecting only

12   individual members.

13

14   *(1) The IFI Class*

15   In *Kumar v. Salov N. Am. Corp.*, 2016 WL 3844334 (N.D. Cal. July 15, 2016), plaintiff

16   sought certification of a class of buyers of a different brand of olive oil, to pursue virtually the

17   same claims arising from materially identical practices of labeling oil as "imported from Italy"

18   notwithstanding the fact that the olives were sourced from elsewhere.[3]  The motion was granted,

19   over objections substantively identical to those raised by Deoleo here.  Although *Kumar* is not

20   binding authority, there is no persuasive basis upon which it can be distinguished, and no reason to

21   reject its well-reasoned conclusions.  Accordingly, for the same reasons articulated in *Kumar*, the

22   predominance element is satisfied as to the IFI class, and certification is appropriate.

23

24

25

26

27   _____

     [3] Koller's counsel represented plaintiff in *Kumar* as well.

28   ORDER GRANTING CLASS CERTIFICATION
     CASE NO.  14-cv-02400-RS

4

1                               (2) *The EVOO Class[4]*

2          Koller contends the common and predominate questions as to the EVOO class include

3 whether Deoleo's "policies and procedures" are reasonable to ensure that the olive oil it was

4 selling as "extra virgin" would still meet the standards for that descriptor "at the point of sale and

5 through the 'best by' date" printed on the bottles. Deoleo insists a putative class member only has

6 claims if the specific bottle he or she purchased no longer met EVOO standards, and as a result,

7 the liability inquiry is inherently individual and not subject to class-wide resolution.

8          As previously noted in the order denying Deoleo's motion to dismiss:

> It is true that Koller does not allege he tested that particular bottle, and that under his degradation theory, it is theoretically possible that some percentage of Deoleo's products reach the consumer in a condition that still meets the applicable standards. The theory, however, is that Deoleo is able to command a price premium by representing the olive oil in question as "extra virgin." In the event Koller is able to prove his allegations that the oil generally does not warrant that label because of its quality when first bottled and/or because of Deoleo's packaging and handling practices, it would hardly be a defense that some bottles may nevertheless meet the minimum standards when purchased.
>
> Koller, and each consumer who purchases "extra virgin" olive oil, is entitled to receive oil that meets that definition by design, not by happenstance. If Koller succeeds in proving that the oil typically does *not* qualify as "extra virgin," then consumers likely would not pay a price premium for it, even if they knew some bottles might still qualify. Thus, even if the bottle Koller bought happened to meet the minimum standards, he still suffered a cognizable injury in paying that price premium.

20 Thus, the issue is *not* whether specific bottles of olive oil bought by putative class members still

21 met EVOO standards at the time they were purchased. That clearly would not be adjudicatable on

22 a class-wide basis. The question is whether Deoleo has breached any legal obligation to take

23 reasonable steps to ensure its oils meet the standards at least until the "best by" date. That

24 question, and the subsidiary legal and factual questions underlying it, *are* susceptible to

---

[4] *Kumar* is not instructive as to the EVOO class, because the plaintiff dropped those claims in that case prior to seeking certification.

ORDER GRANTING CLASS CERTIFICATION
CASE NO. 14-cv-02400-RS

determination on a class-wide basis, and predominate over any individualized issues.

Accordingly, certification is warranted as to the EVOO class as well.

## IV. CONCLUSION

The motion to certify is granted, as to both proposed classes.

**IT IS SO ORDERED**.

Dated: August 24, 2017

_____
RICHARD SEEBORG
United States District Judge