**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**TYCKO & ZAVAREEI LLP**
HASSAN A. ZAVAREEI (State Bar No. 181547)
JEFFREY D. KALIEL (State Bar No. 238293)
ANDREW J. SILVER (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Attorneys for Plaintiff Scott Koller*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT KOLLER, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>MED FOODS, INC., AND DEOLEO USA, INC.<br><br>        Defendants. | CASE NO. 14-cv-2400 (RS)<br><br>**DECLARATION OF ADAM J. GUTRIDE IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 10, 2018<br>Time: 1:30 p.m.<br>Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

I, Adam Gutride, declare and state that:

1.      I am an attorney licensed to practice law in the State of California and in this Court, and am counsel of record for Plaintiff and the certified classes in the above captioned matter. I am a partner at Gutride Safier LLP. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement. Unless otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so.

2.      After nearly four years of hard-fought litigation, an all-day mediation, and further settlement negotiations, Plaintiff Scott Koller, Class Counsel, and Defendant entered into a Settlement Agreement[1] in this matter, a true and correct copy of which is attached hereto as Exhibit 1 including all exhibits. Plaintiff Koller is now joined by six additional Plaintiffs.

3.      A true and correct copy of my firm's resume is attached as Exhibit 2. As can be seen from this résumé, Gutride Safier has substantial experience in the litigation, certification, and settlement of class action cases. Based on my experience, Defendant's counsel are also highly experienced in this type of litigation. It is thus my considered opinion that counsel for each side have fully evaluated the strengths, weaknesses, and equities of the parties' respective positions and believe that the proposed settlement fairly resolves their respective differences.

4.      This Litigation involved sharply opposed positions on several fundamental legal and factual issues. The parties engaged in extensive, highly adversarial discovery, including numerous fact and expert depositions, document production of over 300,000 pages of documents, interrogatories and requests for admission, and third-party discovery. The record was thus sufficiently developed that the parties were fully informed as to the viability of the claims and able to adequately evaluate the strengths and weaknesses of their respective positions and risks to both sides if the case did not settle.

5.      Class Counsel has already spent well in excess of 2500 hours working on this

---

[1] The capitalized terms used herein are defined in and have the same meaning as used in the Settlement Agreement unless otherwise stated.

1   litigation, resulting in a lodestar that is greater than the amount Plaintiff will seek in attorneys' fees.

2   My firm has additionally incurred almost $100,000 in unreimbursed expenses.  Details about our

3   lodestar and expenses will be provided in connection with our motion for final approval, which will

4   be filed at least two weeks before the objection deadline, and a copy of which will be posted on the

5   Settlement Website.

6          6.    The Settlement in this case is the product of arms-length negotiations between

7   experienced attorneys who are familiar with class action litigation and with the legal and factual

8   issues in this Litigation. The parties began seriously discussing settlement shortly after this Court's

9   hearing on the motion for class certification in April 2017 and continued throughout the summer

10  and fall. In September 2017, my partner, Seth Safier, notified Deoleo that GSLLP and our co-

11  counsel in this matter, Tycko & Zavareei LLP, had been retained by additional plaintiffs in other

12  states. A tolling agreement pending settlement negotiations was signed shortly thereafter.

13         7.    On November 6, 2017, the parties engaged in an all-day mediation conducted by

14  Honorable Edward A. Infante (retired) of JAMS ADR, an independent, well respected, and

15  experienced mediator, in San Francisco, California. The parties did not negotiate about attorneys'

16  fees or expenses until they had reached agreement on all other material terms of the Settlement,

17  including the class benefit and notice.

18         8.    Plaintiff maintains that his claims are meritorious; that he would establish liability

19  and recover substantial damages if the case proceeded to trial; and that the final judgment recovered

20  in favor of Plaintiff and the certified California class would be affirmed on an appeal. But Plaintiff's

21  ultimate success would require his to prevail, in whole or in part, at all of these junctures and even

22  then, would not provide the nationwide relief afforded under the Settlement Agreement.

23  Conversely, Defendant's success at any one of these junctures could or would have spelled defeat

24  for Plaintiff and the California class. Thus, continued litigation posed significant risks and countless

25  uncertainties, as well as the time, expense and delays associated with trial and appellate

26  proceedings.

27         9.    On the basis of my investigation into this case and experience with and knowledge of

28
                                            2
            GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
            FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
            FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – Case No. 14-cv-2400

the law and procedure governing the claims of the Plaintiffs and the Settlement Classes, it is my belief that it is in the best interests of the Settlement Class to enter into this Settlement. Indeed, in light of the risks, uncertainties and delays associated with continued litigation, the Settlement represents a significant achievement by providing guaranteed benefits to Settlement Class Members in the form of changed practices and direct cash compensation.

10.     With this Settlement, Plaintiff achieved his desired goal in this litigation—i.e., obtaining cash refunds for class members and changed practices. The recovery provided by the Settlement—changed practices and refunds is considerably better than the anticipated per purchase recovery in the event of trial. Class members may make claims to receive (i) $1.75 per Extra Virgin Olive Oil Product purchased between May 23, 2010 and December 31, 2015, (ii) $0.75 per Extra Virgin Olive Oil Product purchased between January 1, 2016 and the date of preliminary approval, and (iii) $1.50 for each Other Olive Oil Product. Those without a proof of purchase can receive up to $25 back, and there is no cap for those who do submit a proof of purchase.

11.     Using information provided by Deoleo in connection with settlement discussions and point of sale data obtained from Information Resources Inc. in connection with this litigation, I have determined that Deoleo sold approximately 150 million Products nationwide during the relevant periods, at an average retail price of $9 a bottle.

12.     At trial, Plaintiff might, in the best-case scenario, obtain a 100% refund of the price "premium" charged by Defendant for each Product, calculated as the difference between the retail price of Products with and without the alleged "Imported from Italy" misrepresentations, or the difference between the retail price of EVOO Products and other olive oil products. Based on the April 3, 2017 Reply Declaration of Colin Weir, Plaintiff's economics expert, the associated price premiums are equal to between 3.76 and 17.34 percent of the purchase price of each bottle of olive oil, depending on the product type. Thus, even if successful at trial, class members would be eligible to between 33 cents and $1.56 per average priced bottle, upon submitting a claim. The per product recovery of between $.75 and $1.75 accordingly could exceed the "premium" attributable to the two challenged representations.

13.     Deoleo has agreed to pay $7 million under the settlement into a non-reverting common fund. These funds made available under the Settlement takes into account the expanded nationwide Settlement Class.

14.     The $7 million figure cited above, moreover, does not include the value of Defendant's changed practices. These include removing the "Imported from Italy" phrase from its Bertolli labeling starting in 2015 and continuing for at least three years after the Effective Date. They also include shortening the "best by" period from 18 to 16 months after bottling, listing on each bottle the date(s) of harvest of the olives from which the oil was made, and using stricter testing protocols at the time of bottling—all of which are likely to improve oil quality and address the problems alleged in the complaint about degraded oil. In addition to the monetary relief provided by the Settlement, Defendant's changed practices will benefit class members and other consumers.

15.     I believe that the evidence obtained in discovery showed that the Bertolli Olive Oil Products' labels were likely to (and did) deceive unsuspecting consumers and that Defendant knew of the deceptive nature of the Bertolli packaging. But while I am confident in the strength of the Plaintiffs' case, I am also pragmatic regarding the risks in continuing with this Litigation, including the possibility of losing on summary judgment or at trial.

16.     For example, Plaintiff would have been required to prove that the "Imported from Italy" phrase was unlawful or likely to mislead reasonable persons. Deoleo disputed that consumers would understand "Imported from Italy" to mean what Plaintiffs allege, and the adequacy of Deoleo's "extra virgin" practices was hotly contested and likely to come down to a battle of experts. It could be difficult to obtain monetary relief, because Deoleo was likely to present evidence that the challenged labeling had no or little effect on pricing or sales volume. And in a contested proceeding, class members who lacked proof of purchase—which is likely the majority of class members—might get nothing at all.

17.     Each of these risks, by itself, could have impeded Plaintiff's and the Settlement Class' successful prosecution of their claims at trial and in an eventual appeal. While Plaintiff

1  disputes and has adduced evidence to undermine Defendant's arguments, it was unclear how the

2  arguments would be resolved at summary judgment or trial. Thus, there was a substantial risk that

3  class members would recover only nominal damages, or nothing at all.

4        18.    Moreover, even if Plaintiff prevailed at trial, any recovery could be delayed by an

5  appeal or challenges in collecting a very large award. Thus, even in the best case, it could take years

6  to get relief for class members. The Settlement provides substantial relief to the Settlement Class

7  without further delay.

8        19.    Under the circumstances, Plaintiff and Class Counsel appropriately determined that

9  the Settlement outweighs the gamble of continued litigation. While I firmly believe in the merits of

10  this litigation and that Plaintiff would ultimately win at trial, I also believe that recovery is far from

11  guaranteed and that the benefits of settlement in this case outweigh the risks and uncertainties of

12  continued litigation, as well as the attendant time and expenses associated with possible

13  interlocutory appellate review, pretrial motion practice, trial, and final appellate review.

14        20.    On balance, given the risks associated with this litigation, I believe that the recovery

15  offered in this Settlement is excellent.

16        I declare under penalty of perjury under the laws of the state of California that the foregoing

17  is true of my own personal knowledge.

18  Executed at San Diego, California, this 3rd day of April, 2018.

19                                /s/ Adam J. Gutride

20                              Adam J. Gutride, Esq.

21

22

23

24

25

26

27

28

GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT – Case No. 14-cv-2400