UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| SCOTT KOLLER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MED FOODS, INC., AND DEOLEO USA, INC.<br><br>Defendants. | CASE NO. 3:14-CV-2400-RS<br><br>[~~PROPOSED~~] FURTHER ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, SETTING DATES FOR FINAL APPROVAL<br><br>Hon. Judge Richard Seeborg |

On April 16, 2018, this Court granted preliminarily approval to a proposed class action settlement and asked the parties to provide a further proposed order. (Dkt. # 152.)

Having considered the motion papers and the complete record of this action, and good cause appearing therefore, the Court provisionally certifies the Settlement Class, which consists of all persons who between May 23, 2010 and the date of Preliminary Approval, purchased, in the United States, any of the Extra Virgin Olive Oil Products and/or who between May 23, 2010 and December 30, 2015, purchased, in the United States, any of the Other Olive Oil Products.  "Extra Virgin Olive Oil Product" means bottles of Bertolli Extra Virgin olive oil, except for those bearing labels "Organic," "Robusto," "Gentile," or "Fragrante." "Other Olive Oil Product" means the liquid Bertolli Extra Light or Classico olive oil products.  "Excluded Persons" from the Settlement Class are: (1) the Honorable Richard Seeborg; the Honorable Joseph C. Spero; the Honorable Edward Infante (ret.); (2) any member of their immediate families; (3) any government entity, (4) Defendant; (5) any entity in which Defendant has a controlling interest; (6) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (7) counsel for the Parties; and (8) any persons who timely opt-out of the Settlement Class.

As set forth below, the Court preliminarily finds and concludes, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied for certification of the Settlement Class to pursue claims for unjust enrichment and the consumer protection laws of the fifty states and the District of Columbia (collectively, "states"). Plaintiffs have met the requirements of Rule 23 for the reasons set forth in Plaintiff's motion for preliminary approval, including Appendices A and B. (Dkt. # 144), as well as for the reasons stated in the Court's order granting certification of a California class (Dkt # 116) and the briefing and arguments provided by Plaintiff in support of that motion. Plaintiffs, who reside in Arkansas, California, Florida, New Jersey, New York, and North Carolina, are typical of consumers around the country in that they were all exposed to the identical label claims, which are alleged to have been false and deceptive for the identical reasons, and thus, their claims for unjust enrichment and violations of consumer protection

statutes "are reasonably coextensive with those of absent class members." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotations omitted).

The Court further preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members. Thus, the Court conditionally designates the law firm of Gutride Safier LLP and Tycko & Zavareei LLP as Settlement Class Counsel and Scott Koller, Carolyn Bissonnette, Cece Castoro, Diane Gibbs, Darlene Williams, Robert Glidewell, and Stephen Freiman as Class Representatives for purposes of this settlement. The Court designates, and approves, Angeion Group to serve as Claim Administrator.

This Court previously found that common issues predominate as to Plaintiff Scott Koller's California claims. (Dkt. # 116.) The same findings apply to the claims for purposes of the Settlement Class. While this Court must consider differences in state laws as part of the predominance inquiry, this Court need not consider "whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679, 693 (9th Cir. 2018) ("*Hyundai*") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). The Plaintiffs have submitted extensive briefing and supplemental materials identifying the similarities and differences among state laws and setting forth why the common issues predominate and why the differences are immaterial to this litigation. (Dkt. # 144)  Further, in circumstances where there are majority and minority rules among the states—for example, where one group of states requires proof of a particular element while another group does not, there is at least one proposed class representative from each group of states, so representatives exist to prove all elements of all claims for all variations of the state laws. Were this case to proceed to trial, a verdict form could be fashioned for the jury to determine which elements had and had not been proven; it would then be a relatively simple administrative process to determine whether the causes of action had been proven under the laws of each state. For those reasons, this Court finds that common issues predominate with respect to Settlement Class.

Pursuant to the stipulation filed on April 7, 2018 and subsequently entered as a Court order

(dkt. # 147), the Court further notes that Defendant did not oppose Plaintiffs' request to amend the complaint, which sets forth causes of action on a nationwide class; that Defendant did not oppose Plaintiffs' request to certify a nationwide settlement class; and that in the event final approval of the settlement agreement is denied, or a remitter is issued reversing an award of final approval, or the Settlement Agreement is otherwise terminated, the claims for persons outside of California will be dismissed without prejudice.

Since the Settlement Agreement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class pursuant to the Settlement Agreement as set forth in the Notice Plan. The Claim Administrator shall provide notice in compliance with 28 U.S.C. § 1715.

A Final Approval Hearing shall be held before this Court at 1:30 p.m. on August 9, 2018, at the United States District Court for the Northern District of California, Courtroom 3 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and a payment to the Class Representative should be approved. In addition, this Court sets the following dates:

| **Item** | **Due Date** |
| --- | --- |
| Deadline for Claim Administrator to cause notice to be published in the San Francisco Chronicle per the Notice Plan | May 18, 2018 |
| Deadline for Claim Administrator to cause notice to be published in People Magazine per the Notice Plan | June 8, 2018 |
| Deadline for Claim Administrator to cause online notice to be published on internet sites per the Notice Plan | May 18, 2018 |
| Deadline to file motion for final approval and motion for attorneys' fees, costs and incentive awards; response to objections | June 28, 2018 |
| Deadline for Claim Administrator to submit a declaration to the Court attesting to the number of impressions delivered and the number of click-throughs to the Settlement Website | June 28, 2018 |
| Opt-outs (date of online submission, or if mailed, date of receipt | July 12, 2018 |

| | | |
|---|---|---|
| | (not postmarking) by the Claim Administrator | |
| | Objections, Requests to Appear (filing date (not postmarking)) | July 12, 2018 |
| | Replies in support of final approval and motion for attorneys' fees, costs and incentive awards; response to objections | July 26, 2018 |
| | Deadline for Plaintiffs/Claims Administrator to file list of opt-outs, objections, and supporting documentation with the Court | July 26, 2018 |
| | Deadline for the Claim Administrator to provide a declaration to the Court regarding the number and dollar amount of claims received to date | July 26, 2018 |
| | End of Claim Period | 30 days after final approval |

If the Settlement is not approved, or if the Effective Date does not occur for any other reason, then the Litigation will continue on behalf of the California Litigation Class. Members of the California Litigation Class who do not wish to be bound by a judgment in favor of or against the California Litigation Class must exclude themselves from the Litigation. The process and time limits for members of the California Litigation Class to exclude themselves from the Litigation are identical to those set forth with respect to the members of the Settlement Class in the Long Form Notice and in paragraphs 10-12 of this Order, except as follows. If the Settlement is not approved or the Effective Date does not occur, members of the California Litigation Class who submitted timely objections to the Settlement or timely claims under the Settlement (whether or not such claims are deemed Valid Claims) shall have an additional forty-five (45) days from notice of termination of the settlement to exclude themselves from the California Litigation Class, and members of the California Litigation Class who submitted timely requests to exclude themselves from the Settlement shall have an additional forty-five (45) days from notice of termination of the settlement to revoke their requests for exclusion and to rejoin the California Litigation Class. To effectuate this right, the all members of the California Litigation Class who submitted timely objections to the Settlement or timely claims under the Settlement (whether or not such claims are deemed Valid Claims) and who provided an email address in connection with their objections or claims shall be provided a further notice by email, informing such persons of

an additional period to exclude themselves from the Litigation. In addition, all members of the California Litigation Class who submitted timely request to exclude themselves from the Settlement and Litigation and who provided an email address in connection with their request for exclusion shall be provided a further notice by email, informing such persons of an additional period to revoke their request for exclusion and to rejoin the California Litigation Class for purposes of the continued Litigation. Within ten (10) days of the Termination Date, the Parties shall meet and confer in good faith regarding the content of such notice and then seek to obtain Court approval for the notice. All requests following the Termination Date for exclusion from the Litigation or to revoke a prior request for exclusion must be *received by* the Claim Administrator (not just postmarked) within forty-five days after notice of termination of the settlement, or they shall not be valid. Members of the California Litigation Class who did not file an objection by the Objection Deadline or a claim by the Claim Filing Deadline shall have no further right after the Exclusion Date to exclude themselves from the Litigation, even if the Settlement is not approved or the Effective Date does not occur.

      Any Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. However, if the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a written objection as set forth in the prior paragraph of this Order.

      In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including Dkt. ## 147 and 152) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy, except as set forth in paragraph 13; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by Order of the Court.

**IT IS SO ORDERED** this _24_th day of _April_, 2018.

_____
Honorable Richard Seeborg
United States District Court Judge