**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
KRISTEN G. SIMPLICIO (State Bar No. 263291)
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**TYCKO & ZAVAREEI LLP**
HASSAN A. ZAVAREEI (State Bar No. 181547)
JEFFREY D. KALIEL (State Bar No. 238293)
ANDREW J. SILVER (*pro hac vice*)
1828 L Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Attorneys for Plaintiff Scott Koller*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT KOLLER, et al., on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MED FOODS, INC., AND DEOLEO USA, INC.<br><br>Defendants. | CASE NO. 14-cv-2400 (RS)<br><br>**DECLARATION OF ADAM J. GUTRIDE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: August 9, 2018<br>Time: 1:30 p.m.<br>Courtroom 3, 17th Floor<br>Judge: Hon. Richard Seeborg |

I, Adam Gutride, declare as follows:

1. I am a member of this Court and attorney of record for Plaintiff Rohini Kumar in this action.

2. I am a partner in Gutride Safier LLP ("GSLLP" or "Firm"), which has been appointed Class Counsel in the above-captioned matter. The information below is stated based on personal knowledge. I am competent to testify to the facts set forth below, and if called as a witness and placed under oath, I would testify to those facts.

3. I make this Declaration in support of Plaintiffs' motion for final approval and attorneys' fees and costs and incentive awards ("Motion"). In that regard, I discuss, in the following order: (a) the history of this litigation, which includes a summary description of the legal services provided by GSLLP in this litigation to date; (b) the risks borne by GSLLP; (c) the time, rate, expenses, and other data underlying the Motion; and (d) GSLLP's continuing obligations in this litigation and under the Settlement Agreement.

**A.      History of the Litigation.**

4. On May 23, 2014, Plaintiff filed a complaint against Defendant in the above-captioned case, in which Plaintiff alleged that Defendant had deceptively marketed and sold its Bertolli brand of olive oil with the representation "Imported from Italy" on the front label, although the back label stated that most of the oil was extracted in countries other than Italy from olives grown in those other countries. Plaintiff also alleged that the "extra virgin" Bertolli olive oil products were not in fact likely to be extra virgin at the point of sale and/or through the best by date, due to Defendants' failure to take appropriate steps to ensure the oil it was selling came from fresh olives and was adequately protected from light and heat during shipping, storage, and sale. Plaintiff further alleged that, by marketing the Products as "Imported from Italy" and "extra virgin," Defendant caused people to purchase the Products who would not otherwise have done so, and that the Products were sold at a higher retail price than they would have been sold without the misstatements.

5. GSLLP drafted and filed the Complaint and caused it to be served. Prior to doing so,

GSLLP spent time communicating with Plaintiff Koller concerning his claims, gathering his documentation, and negotiating with him a retainer agreement. GSLLP also undertook extensive pre-filing investigation, including without limitation, researching, tracking, and analyzing Defendant's marketing, advertising, and product packaging, and reviewing Defendant's websites, press releases, public filings, and online documents. GSLLP spent additional time analyzing Food and Drug Administration ("FDA") regulations and Customs and Border Patrol ("CBP") regulations, and the California Health and Safety Code. GSLLP also researched and analyzed related state regulations. GSLLP also conducted research regarding potential federal preemption of Plaintiff's claims. Throughout this litigation, GSLLP has continued to monitor, research, and review such materials.

6.     GSLLP also negotiated a co-counsel arrangement with Tycko & Zavareei ("TZ"), which had experience prosecuting similar olive oil litigation in the District of Columbia. Throughout the litigation, GSLLP worked closely with TZ to formulate case strategy.  Work was divided between the firms to avoid duplication. Similarly, in connection with legal research and brief writing, one firm was assigned to draft all (or certain sections) of a brief, while the other provided only suggestions and edits.

7.     After filing the Complaint, Defendant filed a motion to dismiss and a request for judicial notice.  GSLLP reviewed Defendant's arguments and researched to draft the oppositions to those motions, which were filed in August of 2014.

8.     Shortly thereafter, GSLLP prepared and filed an errata to the Complaint. Defendant objected. In response, the Court removed Defendant's motion from the calendar and ordered Plaintiff to file an amended complaint. GSLLP took the lead in revising the amended complaint, which was filed in September 2014.

9.     Defendant again moved to dismiss and filed a request for judicial notice. GSLLP contributed to the re-purposing and re-writing of the original opposition.  I appeared and argued at the hearing on these matters.

10.    GSLLP attended at several case management conferences, and drafted and filed

1  numerous case management statements for these events. GSLLP additionally participated in the negotiation and preparation of numerous case management-related stipulations.

11. Because the case involved two different false advertising theories, litigation was more complicated than the average consumer case. First, Plaintiff would be required to prove that Defendant's "Imported from Italy" representation was unlawful and misleading; so doing required discovery into such things as Defendant's olive oil sourcing practices, its advertising campaigns, and its policies for complying with federal and state regulations. On the other hand, proving that Defendant's olive oil was not truly extra virgin and/or that Defendant failed to take adequate steps to ensure its olive oil was "extra virgin" would require a much different strategy. In addition to needing discovery about consumer behavior and advertising, as well as Defendant's olive oil production processes, including the harvesting and milling of olives, bottling methods, and shipping and storage practices, Plaintiff needed information from both Defendant and external sources on olive oil chemistry and industry practices. The damages analysis for each of the two theories required different evidence as well.

12. Throughout the litigation, GSLLP consulted with various experts and third parties. For example, GSLLP worked extensively with an expert and laboratory in Australia to test the olive oil for quality, consulting them frequently about strategy at class certification and trial, discovery responses, and other case management issues. GSLLP also regularly consulted with Colin Weir, an economics expert, about damages methodologies. In addition, GSLLP regularly consulted with other third parties to obtain information about the olive oil industry.

13. Throughout this case, GSLLP participated in the discovery efforts, including drafting and serving discovery on Defendant and third parties. Because of the dual theories, discovery was complicated and hard fought. Among other things, Plaintiff propounded one lengthy set of requests for production and two sets of interrogatories. Defendants responded, often refusing to produce basic categories of information and utilizing lengthy objections. Multiple rounds of meet and confer efforts were required. GSLLP participated in all of these meet and confer calls, some of which were more than two hours long.

14. GSLLP also led met-and-confer efforts with Defendant's counsel regarding other more general discovery matters, such as the retention of electronic documents, Defendant's searches for electronically stored information, the terms and scope of a stipulated protective order, and the timing of production.

15. Defendant also served extensive discovery requests, including numerous document requests and interrogatories on Plaintiff. GSLLP participated in the drafting of these responses, and also spearheaded the efforts to gather documents and address concerns by Defendant in its meet and confer efforts.

16. GSLLP also took part in briefing discovery disputes in this matter regarding the timing of discovery, Defendant's request to take foreign discovery from an Australian olive oil testing laboratory, and Plaintiff's request to take foreign discovery from Defendant's Italian olive oil suppliers.  GSLLP travelled to and attended an in person meet and confer with Defendants in Los Angeles, and also attended an in person meet and confer with Defendants in San Francisco. GSLLP also prepared for and participated in a discovery conference in January 2017.

17. In total, over 100,000 pages of documents were produced in this case, and GSLLP assisted in the document review efforts in this case.

18. GSLLP also took three depositions of Defendants' employees, who were designated as 30(b)(6) witnesses and who appeared in their individual capacities. GSLLP defended the deposition of Plaintiff. GSLLP defended the deposition of Plaintiff's expert on olive oil and Plaintiff's economics expert. GSLLP took the deposition of Defendant's economics expert, and assisted with the preparations for the deposition of Defendant's expert on olive oil.

19. After obtaining significant discovery from Defendant in this case, GSLLP took the lead role in research for, drafting, and filing Plaintiff's Motion for Class Certification, which was filed in October 2015. As part of this work, GSLLP helped to prepare lengthy declarations from Plaintiff's expert on olive oil quality and from Plaintiff's damages expert. GSLLP also prepared the Administrative Motion to File Under Seal. In the weeks that followed, GSLLP engaged in negotiations with Defendant as to Defendant's purported need for discovery to prepare its

4
GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

opposition, the schedule for filing that opposition, and Defendant's plans to seek a stay of the proceedings. In connection with these negotiations, in November 2015, GSLLP prepared a Status Report to the Court and negotiated the language of Letter of Request to the Central Authority of Australia in connection with Defendant's efforts to take discovery from the laboratory that Plaintiff used to conduct the olive oil testing.

20. In late 2015, Defendant filed a motion to stay the case, asserting that it was necessary to provide the Ninth Circuit an opportunity to hear three class certification-related cases. GSLLP edited and filed an opposition to that motion. After the Court granted that motion in December 2016, GSLLP monitored the status of the cases before the Ninth Circuit.

21. In September 2016, GSLLP assisted with the drafting and filing of a motion to lift the stay and prepared a reply. While the Court denied the motion, GSLLP continued to monitor the status of the cases before the Ninth Circuit, and alerted the Court to the resolution of the matter of *Briseno v. ConAgra Foods, Inc.*, 844 F3d 1121 (9th Cir.), in January 2017. At that point, the Court lifted the stay.

22. GSLLP then negotiated a schedule with Defendant for the completion of class certification briefing. In March 2017, Defendant filed its opposition, which included evidentiary objections. GSLLP took the lead in drafting and filing the reply brief, as well as a new administrative motion to seal. I appeared and argued at the hearing on this motion on April 13, 2018.

23. After the Court granted Plaintiff's Motion for Class Certification in August 2017, Defendants filed a Rule 23(f) petition. GSLLP took the lead in researching, drafting, and filing the opposition to that motion, which was denied in November 2017.

24. In September 2017, GSLLP also assisted in the preparation and filing of a motion for partial summary judgment.

25. In the summer and fall of 2017, I am informed that TZ was contacted by numerous other victims of Defendant's false advertising, including those in states other than California. Six of these individuals retained TZ and GSLLP to represent them. TZ prepared a complaint for one of the

5
GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

new plaintiffs, which GSLLP reviewed.

26. Throughout the litigation, the parties had been discussing settlement. In particular, Seth Safier and I remained in regular communication with counsel for Defendant, frequently discussing settlement options. Eventually, Defendant agreed to attend medition. Thereafter, the parties negotiated a tolling agreement on behalf of the other new plaintiffs. GSLLP assisted with this process.

27. GSLLP attended an all day mediation in November 2017 before the Hon. Edward Infante of JAMS, the former chief magistrate judge in the Northern District of California and an experienced mediator. While an agreement was not reached that day, the parties continued to negotiate, eventually reaching agreement in the weeks that followed.

28. After an agreement in principle was reached, GSLLP took the lead on negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long form notice.

29. Because the parties were able to arrive at a nationwide settlement, GSLLP assisted with the drafting and filing of a Second Amended Complaint in this matter, which asserted nationwide claims consistent with the nationwide settlement class contemplated by the Settlement Agreement.

30. In late January 2018, the Ninth Circuit issued its decision in *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018), which imposed heightened standards on the certification of nationwide settlement classes. In response, GSLLP engaged in extensive research and analysis on the various consumer protection laws and common laws of all fifty states and the District of Columbia to determine which causes of action could be certified on a nationwide basis and to ensure that all settlement class members were adequately represented.

31. After the parties entered into the Settlement Agreement, GSLLP participated in the drafting and filing of the motion for preliminary approval of the settlement and its supporting documents. In connection with this work, GSLLP took the lead on preparing summaries of its research on the various consumer protection laws, submitted as appendices to that motion. (Dkt.

1  #144.) GSLLP also negotiated a stipulation on the filing of the Second Amended Complaint. Finally, GSLLP prepared the proposed order on preliminary approval, which this Court entered on April 24, 2018.

32. After filing the motion for preliminary approval of the settlement, GSLLP supervised the work of the claims administrator in this matter. For example, my colleagues and I tested the operation of the settlement website, and my associate and I have corresponded with the claims administrator regarding the notice and claims process, including regarding inquiries from class members. GSLLP will continue to participate in these efforts throughout and following the claims process.

33. GSLLP also participated in the drafting and filing of the instant motion for final approval of the settlement, and I will appear at the hearing on that motion.

34. Should any objections to the settlement be filed prior to the hearing on final approval, GSLLP will assist in the research and response to those objections by, if necessary, filing oppositions to them and/or a reply memorandum in support of the motion for final approval of the settlement.

35. After engaging in all of the aforementioned tasks, as a partner with GSLLP, I am in a unique position to evaluate this Settlement. Indeed, in advising the Representative Plaintiff whether or not to enter into the Settlement Agreement, I was very cognizant of the risks involved in protracted litigation. I was also cognizant of Defendant's size and financial resources.

36. When considering the risks and costs associated with proceeding to trial against the nature of the benefit that was being offered by Defendant, it was clear that the Settlement is in the best interests of the class. Indeed, with this Settlement, Plaintiff has achieved his desired goal in this litigation—i.e., obtaining for class members cash refunds and changes to Defendant's labeling practices. Based on my evaluation of the facts and legal issues presented, I believe that the settlement is fair, adequate, and reasonable. Indeed, I believe this is an excellent settlement.

37. Plaintiff Koller is requesting an incentive award of $5,000. Plaintiff Koller took on the risk of the possibility of bearing Defendant's costs in a losing effort. He worked with counsel to

provide information and respond to discovery throughout the litigation. Koller conducted searches of his records. He also spent a good deal of time preparing for and being deposed. He is also entering into a broader release.

38. The six other Plaintiffs, Carolyn Bissonnette, Cece Castoro, Diane Gibbs, Darlene Williams, Robert Glidewell, and Stephen Freiman, are requesting incentive awards of $1,000 to compensate them for representing absent class members and executing a broader release.

39. Plaintiff has been actively involved in the litigation prior to and after this Settlement. In my opinion, Plaintiff's participation in this litigation has been exemplary.

**B.  The Risks Borne By GSLLP.**

40. In accepting this case, GSLLP bore considerable risk. GSLLP took this case on a fully contingent basis, meaning that we were not paid for any of our time, and that we paid all costs and out of pocket expenses without any reimbursement to date. From the outset, GSLLP recognized that it would be contributing a substantial amount of time and advancing significant costs in prosecuting a nationwide class action, with no guarantee of compensation or recovery, in the hopes of prevailing against a well-funded defense. During the course of the litigation, GSLLP turned away other cases due to its involvement with this matter. Among these were cases that were subsequently filed by other firms.

41. Because Defendant was represented by a large, highly-skilled and well-resourced litigation firm, there was increased risk that Plaintiffs would receive a verdict for the Defense after a prolonged trial.

**C.  Lodestar and Expenses for GSLLP**

42. A true and correct copy of the firm resume of GSLLP was submitted in connection with the motion for preliminary approval.

43. GSLLP has worked on two other matters related to olive oil marketing practices that contain allegations similar to those in this case. GSLLP has maintained separate billing records for this case under the case name "Defendant" and for each of the two other cases. In addition, because

8
GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

certain tasks in the three matters have sometimes overlapped, GSLLP has maintained separate billing records under the case name "OliveOil" for general work performed related to all three matters. With respect to the "OliveOil" work, GSLLP is only seeking to recover for one-third of the total of 374.3 hours, or 124.8 hours of time.

44. Based on the time records of GSLLP as described in the preceding paragraph, GSLLP has spent approximately 1968 hours prosecuting this litigation through May 31, 2018.[1] The total number of hours billed, as well as the lodestar computed at our 2018 rates, is as shown in the following table:

| Timekeeper | Hours (Defendant) | Hours (1/3 of OliveOil) | Total Hours | Rate | Total |
|---|---|---|---|---|---|
| Adam J. Gutride | 321.2 | 52.9 | 374.1 | $975 | $364,715.00 |
| Seth A. Safier | 404.3 | 45.6 | 449.9 | $950 | $427,405.00 |
| Kristen Simplicio | 924.0 | 5.8 | 929.8 | $800 | $743,813.33 |
| Marie McCrary | 46.5 | 0.1 | 46.6 | $850 | $39,581.67 |
| Matt McCrary | 125.4 | | 125.4 | $775 | $97,185.00 |
| Todd Kennedy | | 20.5 | 20.5 | $850 | $17,396.67 |
| Anthony Patek | 6.1 | | 6.1 | $800 | $3,240.00 |
| Ashley Garcia | 16.2 | | 16.2 | $200 | $4,880.00 |
| **TOTAL** | 1827.5 | 124.8 | 1952.3 | | **$1,698,216.67** |

45. The hourly rates shown for the attorneys at GSLLP are the same as the regular rates charged in 2018. The persons shown above are all attorneys, except for Ashley Garcia who is a

---

[1] Time for January 2017 has not yet been entered by some timekeepers, so January time is omitted from these totals. GSLLP will update its lodestar and costs in a reply declaration, as necessary.

9
GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

legal assistant.

46. On March 16, 2018, Judge Winifred Smith of the Alameda County Superior Court approved our regular 2017 billing rates of $950 for me, $925 for Seth Safier, $775 for Kristen Simplicio, $750 for Marie McCrary, and $725 for Matt McCrary, in a similar olive oil labeling matter, *Kumar v. Safeway, Inc.*, Case No. RG 14726707. These rates 2017 rates were also approved on July 7, 2017 by Judge Gonzales Rogers in the third olive oil labeling matter handled by GSLLP, *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411 (N.D.Cal.). On December 5, 2017, Judge Claudia Wilken approved GSLLP's 2017 rates in *Rainbow Business Solutions v. MBF Leasing*, Case No. 10-cv-1993 (N.D.Cal.). On February 24, 2016, Judge Peter Kirwan of the Santa Clara County Superior Court approved rates GSLLP's 2015 rates of $825 for me and $800 for Seth Safier in *Mackinnon v. IMVU, Inc*. Case No. 111 CV 193767.

47. I am a 1994 graduate from Yale Law School. Seth Safier is a 1998 graduate from Harvard Law School. Ms. Simplicio is 2007 graduate of the American University, Washington College of Law. Ms. McCrary is a 2008 graduate of New York University Law School. Mr. McCrary is a 2009 graduate of University of Texas at Austin Law School. Mr. Kennedy is a 2003 graduate of Yale Law School. Mr. Patek is a 2003 graduate of the UC Berkeley Boalt School of Law.

48. I and Mr. Safier were previously attorneys at the law firm of Orrick Herrington & Sutcliffe. It is my understanding that attorneys at that firms in the litigation departments, with the same number of years of experience as myself and Mr. Safier are currently billing at hourly rates in excess of $1000 for law school graduates from 1994 and 1998. Similarly, the billing rates of Mr. McCrary, Ms. McCrary, Mr. Patek and Mr. Kennedy would all be higher had they remained at their prior firms, which include Quinn Emanuel, Cooley, and Baker & Mckenzie. I believe that my firm's hourly rates are below market for attorneys with similar backgrounds and experience.

49. Expenses are accounted for and billed separately and are not duplicated in my professional billing rate. GSLLP has not received reimbursement for expenses incurred in connection with this litigation. As of May 31, 2018, my firm incurred a total of $99,528.84 in

unreimbursed actual third-party expenses in connection with the prosecution of these cases. The actual expenses incurred in the prosecution of these cases are reflected on the computerized accounting records of my firm prepared by bookkeeping staff, based on receipts and check records, and accurately reflect all actual expenses incurred. Some of the expenses included below are known to us but yet to be invoiced or have been invoiced but not yet paid. The expenses that have yet to be invoiced, for example, include expenses for courtesy copies of this Motion and expenses associated with traveling to the final approval hearing and are estimated based on my experience. A complete breakdown of all expenses is attached as Exhibit A. To summarize, the expenses are as follows:

| Expense Category | Amount |
|---|---|
| Arbitrators/Mediators (E121) | 7450.00 |
| Court Fees (E112) | 400.00 |
| Delivery Services & Messengers (E107) | 3,508.53 |
| Deposition Transcripts (E115) | 11,446.80 |
| Experts (E119) | 48,803.69 |
| Litigation Support Vendors (E118) | 16,197.89 |
| Local Travel (E109)[2] | 493.79 |
| Meals (E111) | 1,277.11 |
| Online Research (E106) | 370.02 |
| Other (E124)[3] | 2780.31 |
| Out-of-Town Travel (E110) | 5,347.93 |
| Outside Printing (E102) | 770.57 |
| Postage (E108) | 682.20 |
| **TOTAL** | **99,528.84** |

---

[2] Includes taxis, and parking, tolls, and mileage for automobiles owned by GSLLP timekeepers.

[3] This category includes expenses for the purchases of products to test, CourtCall fees, and notice and advertising to class members.

11
GUTRIDE DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### D. Plaintiffs' Counsel Continuing Obligations to Class Members

50. Following this Court granting preliminary approval to the Settlement, Class Counsel established standardized procedures to ensure that all inquiries from Class Members were timely and accurately handled. I am not aware of any feedback from class members that would suggest that the process is onerous or complicated. Class Counsel also worked the Claim Administrator to assure that settlement website functioned properly, was easy to use and properly designed. Class Counsel also worked with the Claims Administrator to assure that notice was disseminated in accordance with the terms of the Settlement Agreement. I received weekly updates from the Claims Administrator regarding the administration of the settlement. GSLLP will continue in this capacity should the settlement be finally approved. GSLLP will prepare for and appear at the fairness hearing. If the settlement is approved and fees awarded, GSLLP also will oppose any appeals that may be filed. Based on my experience with class actions, I additionally anticipate that there will be another 50-75 hours of work before this Litigation is entirely complete and an estimated 175-250 hours if this Court's judgment is appealed.

This declaration was executed this 28th day of June, at Berkeley, California. I state the foregoing under penalty of perjury under the laws of the United States.

                                               /s/ Adam J. Gutride
                                              Adam J. Gutride, Esq.

# EXHIBIT A

**Deoleo Costs**
**Gutride Safier LLP**

| | | | | Deoleo | Date Paid | | | |
|---|---|---|---|---|---|---|---|---|
| | **Ordinary Income/Expense** | | | | | | | |
| | | **Expense** | | | | | | |
| | | | **Arbitrators/Mediators (E121)** | 7,450.00 | | | | |
| | | | | | 10/10/17 | JAMS | | 7,450.00 |
| | | | | | | | | |
| | | | **Court Fees (E112)** | 400.00 | | | | |
| | | | | | 5/23/14 | US District Court | Filing fee | 400.00 |
| | | | | | | | | |
| | | | **Delivery Svcs & Msgrs (E107)** | 3,508.53 | | | | |
| | | | | | 3/6/14 | Fedex Kinkos | Shipment of olive oil for testing | 397.62 |
| | | | | | 6/12/14 | S&R Services | Summons, Complaint svd on Med Foods | 120.00 |
| | | | | | 6/13/14 | S&R Services | Summons, Complaint served on Deoleo | 45.00 |
| | | | | | 9/16/14 | S&R Services | Chambers Copy, Judge Seeborg, First Amended Complaint | 45.00 |
| | | | | | 10/7/14 | S&R Services | Chambers Copy, Judge Seeborg, change of address | 65.00 |
| | | | | | 10/13/14 | S&R Services | Chambers Copy Judge Seeborg, opposition to motion to dismiss | 45.00 |
| | | | | | 10/29/14 | A and A Legal Service | Service of Subpoenas on Third Party Retailers | 89.00 |
| | | | | | 10/29/14 | A and A Legal Service | Service of Subpoenas on Third Party Retailers | 656.00 |
| | | | | | 10/29/14 | A and A Legal Service | Service of Subpoenas on Third Party Retailers | 937.00 |
| | | | | | 10/29/14 | A and A Legal Service | Service of Subpoenas on Third Party Retailers | 158.00 |
| | | | | | 5/1/15 | A and A Legal Service | Service of Subpoenas on Data Brokers | 229.25 |
| | | | | | 11/3/15 | Lone Star Legal LLC | Chamber's Copies, USDC, San Francisco (motion for class certification) | 229.02 |
| | | | | | 1/4/17 | S&R Services | Chamber's Copy for Judge Seeborg (statement of recent decision) | 50.00 |
| | | | | | 1/30/17 | S&R Services | Chamber's Copy for Judge Spero (discovery dispute letter) | 50.00 |
| | | | | | 4/5/17 | Lone Star Legal LLC | USDC, SF (class cert reply) | 150.64 |
| | | | | | 9/21/17 | S&R Services | Court Copy Jdg Seeborg, motion for summary judgment | 50.00 |
| | | | | | 11/2/17 | S&R Services | Deoleo Mediation Stmt, Deliver to Jdg Infante | 70.00 |
| | | | | | 4/5/18 | S&R Services | Chamber's Copy to Judge Seeborg - Prelim Approval Motion | 122.00 |
| | | | | | | | | 3,508.53 |
| | | | | | | | | |
| | | | **Deposition Transcripts (E115)** | 11,446.80 | | | | |
| | | | | | 12/29/15 | Nogara Reporting Service | 7/21/15 - Margarita Rogers | 1,656.44 |
| | | | | | 12/29/15 | Nogara Reporting Service | 7/22/15 - Mary Roy | 1,748.69 |
| | | | | | 12/29/15 | Nogara Reporting Service | 7/23/15 - Gene Russell | 1,609.16 |
| | | | | | 12/30/15 | Harmonic Videographer | 8/31/15 - Rogers, Roy, & Russell | 1,262.00 |
| | | | | | 12/30/15 | Elance Videographer | 6/16/15 - Sylvia Donnini & Carlos Jimenez Ot in Spain | 350.00 |
| | | | | | 4/28/16 | Esquire Deposition Solutions | 1/13/16 - Colin B. Weir | 1,420.95 |
| | | | | | 2/5/16 | Esquire Deposition Solutions | 2/5/16 - Rodney Mailer, Ph.D. | 1,132.10 |
| | | | | | 3/17/17 | Dean Markham | Ugone Deposition Video | 425.00 |
| | | | | | 4/5/17 | Veritext | 4/5/17 - Depo of Keith Ugone | 1,842.46 |
| | | | | | | | | 11,446.80 |
| | | | | | | | | |
| | | | **Experts (E119)** | 48,803.69 | | | | |
| | | | | | 5/1/14 | Australian Oils Research | Olive Oil Expert | 801.08 |
| | | | | | 10/29/15 | Australian Oils Research | Olive Oil Expert | 5,181.11 |
| | | | | | 11/7/15 | Economics and Technology Inc. | Damages Expert | 8,833.33 |
| | | | | | 12/8/15 | Australian Oils Research | Olive Oil Expert | 6,750.00 |
| | | | | | 3/1/16 | Economics and Technology Inc. | Damages Expert | 4,531.25 |
| | | | | | 3/1/16 | Economics and Technology Inc. | Damages Expert | 1,050.00 |
| | | | | | 3/7/16 | Australian Oils Research | Olive Oil Expert | 7,992.92 |
| | | | | | 3/21/16 | Australian Oils Research | Olive Oil Expert | 285.00 |
| | | | | | 4/5/17 | Economics and Technology Inc. | Damages Expert | 12,875.00 |
| | | | | | 5/26/17 | Australian Oils Research | Olive Oil Expert | 504.00 |
| | | | | | | | | 48,803.69 |
| | | | | | | | | |
| | | | **Litigation Sup Vendors (E118)** | 16,197.89 | | | | |
| | | | | | | Logik Systems | Data Management - 3/15-11/17 | 14,452.08 |
| | | | | | 12/12/17 | CS Disco | Data Management - 11/17 - 2/18 | 600.00 |
| | | | | | 2/2/18 | CS Disco | Data Management | 483.41 |
| | | | | | 4/4/18 | CS Disco | Data Management | 89.83 |
| | | | | | 4/9/18 | CS Disco | Data Management | 95.61 |
| | | | | | 6/2/18 | CS Disco | Data Management | 476.96 |
| | | | | | | | | 16,197.89 |
| | | | | | | | | |
| | | | **Local Travel (E109)** | 493.79 | | | | |
| | | | | | 2/25/14 | Mileage - 200 miles | | 112.00 |
| | | | | | 9/8/14 | Uber | local meeting | 10.54 |
| | | | | | 9/8/14 | Uber | local meeting | 13.36 |
| | | | | | 12/18/14 | CCSF MTA Civic Cntr Garage | Parking | 5.92 |
| | | | | | 12/30/14 | Total Mileage - 2014 | Gutride | 8.40 |
| | | | | | 1/16/15 | CCSF MTA Civic Cntr Garage | Parking - motion to dismiss hearing | 1.25 |

**Deoleo Costs**
**Gutride Safier LLP**

| | Deoleo | Date Paid | | | |
|---|---|---|---|---|---|
| | | 1/16/15 | CCSF MTA Civic Cntr Garage | Parking - motion to dismiss hearing | 2.00 |
| | | 4/10/15 | SFMTA Civic Center | Parking - discovery conference | 4.50 |
| | | 5/13/15 | Uber | local meeting | 6.10 |
| | | 5/14/15 | Sutter Stockton Garage | Parking - local meeting | 23.50 |
| | | 6/4/15 | Ampco Parking | Parking - local meeting | 15.50 |
| | | 8/12/15 | CCSF MTA Civic Cntr Garage | Parking - local meeting | 0.25 |
| | | 1/25/16 | Sutter Stockton Garage | Parking - local meeting | 8.25 |
| | | 12/31/16 | Total Mileage - 2016 | Gutride | 16.20 |
| | | 2/27/17 | CCSF Meter | local meeting | 2.50 |
| | | 4/13/17 | SFMTA Civic Center | Parking - class cert hearing | 11.00 |
| | | 10/20/17 | CCSF Meter | Parking - local meeting | 8.00 |
| | | 11/6/17 | Impark | Parking - mediation | 18.00 |
| | | 11/6/17 | Uber | mediation | 26.05 |
| | | 11/6/17 | Uber | mediation | 28.87 |
| | | 11/7/17 | Scott Koller | Mediation expense reimbursement | 150.20 |
| | | 12/30/17 | Mileage | A. Gutride 2017 Mileage | 21.40 |
| | | | | | 493.79 |
| Meals (E111) | 1,277.11 | | | | |
| | | 2/25/14 | Vic Stewart's, Brentwood | Meeting with Plaintiff | 109.41 |
| | | 4/30/14 | 4Fourteen | Meeting with Expert | 25.78 |
| | | 10/14/14 | Tadich Grill | Local Meeting | 47.51 |
| | | 1/17/15 | The Cavalier | Local Meeting | 241.88 |
| | | 5/13/15 | Vic Stewart's | Meeting with Plaintiff | 75.20 |
| | | 5/14/15 | Peets Coffee/Tea | Local Meeting | 3.55 |
| | | 5/14/15 | Tadich Grill | Local Meeting | 102.40 |
| | | 7/21/15 | Flame Broiler | 30(b)(6) Depositioin Expense | 20.98 |
| | | 7/21/15 | Caffe Primo | 30(b)(6) Depositioin Expense | 2.50 |
| | | 7/21/15 | Lemonade | 30(b)(6) Depositioin Expense | 25.62 |
| | | 7/21/15 | Flame Broiler | 30(b)(6) Depositioin Expense | 2.45 |
| | | 7/21/15 | Subway | 30(b)(6) Depositioin Expense | 7.52 |
| | | 7/21/15 | Sarku Japan | 30(b)(6) Depositioin Expense | 14.43 |
| | | 7/22/15 | Coffee Bean | 30(b)(6) Depositioin Expense | 4.98 |
| | | 7/22/15 | Lemonade - Downtown LA | 30(b)(6) Depositioin Expense | 16.26 |
| | | 7/23/15 | T1 Urban Market | 30(b)(6) Depositioin Expense | 11.99 |
| | | 7/23/15 | Baco Mercat | 30(b)(6) Depositioin Expense | 35.52 |
| | | 7/23/15 | KCS Mediterranean Grill | 30(b)(6) Depositioin Expense | 10.36 |
| | | 7/23/15 | KCS Mediterranean Grill | 30(b)(6) Depositioin Expense | 5.45 |
| | | 11/16/15 | Lemonade - Downtown LA | Meet & Confer, LA | 20.80 |
| | | 11/16/15 | Terminal 1 Station | Meet & Confer, LA | 9.37 |
| | | 11/17/15 | Fung Lum Express | Meet & Confer, LA | 42.33 |
| | | 1/25/16 | Tadich Grill | Meeting with Expert | 61.09 |
| | | 1/26/16 | Café Claude | Meeting with Expert | 47.72 |
| | | 1/27/16 | Hyatt Hotels, SFO | Meeting with Expert | 12.79 |
| | | 3/16/17 | 18th & Vine | Ugone Deposition Expense | 61.96 |
| | | 3/17/17 | Artisan Market | Ugone Deposition Expense | 17.51 |
| | | 3/17/17 | Fairmont Hotel | Ugone Deposition Expense | 23.00 |
| | | 3/17/17 | Corner Bakery | Ugone Deposition Expense | 10.06 |
| | | 11/5/17 | Wood Tavern | Local Meeting | 175.65 |
| | | 11/6/17 | Peet's | Mediation Expense | 7.94 |
| | | 11/6/17 | Royal Exchange | Mediation Expense | 23.10 |
| | | | | | 1,277.11 |
| Online Research (E106) | 370.02 | | Pacer Service Center | | 370.02 |
| Other (E124) | 2,780.31 | | | | |
| | | 2/25/14 | Bryan's | Product for testing | 49.08 |
| | | 2/25/14 | Wal-Mart | Product for testing | 6.64 |
| | | 2/25/14 | Safeway | Product for Testing | 12.49 |
| | | 2/25/14 | Safeway | Product for Testing | 6.99 |
| | | 2/27/14 | Smart N Final | Product for Testing | 33.77 |
| | | 2/27/14 | Safeway | Product for Testing | 80.62 |
| | | 9/11/14 | Amazon Services - Kindle | Simplicio - research | 3.33 |
| | | 1/20/15 | Court Call | Discovey Conference Hearing Appearance | 30.00 |
| | | 1/20/15 | Court Call | Discovey Conference Hearing Appearance | 30.00 |
| | | 1/20/15 | Court Call | Discovey Conference Hearing Appearance | 30.00 |
| | | 2/18/15 | Cal-Mart Super | Product for testing | 19.03 |
| | | 5/13/15 | Foodsco | Product for testing | 6.99 |
| | | 6/22/15 | Skype.com | Gutride, calls with Rod Mailer | 10.00 |
| | | 7/25/15 | Ralph's | Product for testing | 21.17 |
| | | 7/31/15 | Safeway | Product for testing | 26.20 |
| | | 8/30/15 | Skype.com | Gutride, calls with Rod Mailer | 10.00 |
| | | 12/8/15 | First Republic | wire fee | 35.00 |
| | | 2/13/17 | Court Call | Court Call | 37.00 |
| | | 2/13/17 | Court Call | Gutride, Hearing Appearance | 37.00 |
| | | 2/25/17 | Skype.com | Gutride, calls with Rod Mailer | 10.00 |
| | | 5/26/17 | First Republic | wire fee | 35.00 |
| | | 7/17/17 | Top Class Actions | Simplicio - advertising | 2,250.00 |
| | | | | | 2,780.31 |
| Out-of-Town Travel (E110) | 5,347.93 | | | | |
| | | 4/3/14 | AirBnb | Gutride, Meeting with R. Mailer | 443.33 |
| | | 4/3/14 | Ivisa Services | Gutride, Meeting with R. Mailer | 6.17 |
| | | 4/24/14 | Adina Apartment Hotel, Sydney | Gutride, Meeting with R. Mailer | 84.18 |
| | | 4/28/14 | Katoomba C/Rail | Gutride, Meeting with R. Mailer | 5.32 |

**Deoleo Costs**
**Gutride Safier LLP**

| | | | | Deoleo | Date Paid | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | 5/2/14 | Uber | Gutride, Meeting with R. Mailer | 13.09 |
| | | | | | 5/15/15 | Scott Koller | Deposition Expense Reimbursement | 107.50 |
| | | | | | 7/9/15 | Southwest Airlines | Travel - 30(b)(6) Depositions | 385.00 |
| | | | | | 7/22/15 | Bell Cab Management | Travel - 30(b)(6) Depositions | 55.50 |
| | | | | | 7/23/15 | Milpitas Cab | Travel - 30(b)(6) Depositions | 85.00 |
| | | | | | 7/23/15 | The Downtown Standard | Accomodations - 30(b)(6) Depositions | 787.14 |
| | | | | | 7/24/15 | The Downtown Standard | Accomodations - 30(b)(6) Depositions | 1,026.49 |
| | | | | | 7/24/15 | The Downtown Standard | Accomodations - 30(b)(6) Depositions | 26.89 |
| | | | | | 7/24/15 | United Independent Taxi | Travel - 30(b)(6) Depositions | 55.00 |
| | | | | | 11/16/15 | LAXShuttleTix.com | Travel - 30(b)(6) Depositions | 8.00 |
| | | | | | 11/17/15 | SFO Parking | Travel - meet & confer in LA | 18.00 |
| | | | | | 11/17/15 | Uber | Travel - meet & confer in LA | 25.14 |
| | | | | | 1/5/16 | Matt McCrary | Deposition Expense Reimbursement (Weir Depositions | 197.80 |
| | | | | | 1/30/16 | Taj Hotel | Accomodations - Mailer Deposition | 1,066.77 |
| | | | | | 2/22/17 | Southwest Airlines | Travel - Ugone Deposition | 225.94 |
| | | | | | 3/15/17 | Fairmont Hotel | Travel - Ugone Deposition | 223.60 |
| | | | | | 3/16/17 | Lyft | Travel - Ugone Deposition | 7.26 |
| | | | | | 3/16/17 | Lyft | Travel - Ugone Deposition | 25.31 |
| | | | | | 3/16/17 | Lyft | Travel - Ugone Deposition | 14.44 |
| | | | | | 3/16/17 | Jet Blue | Travel - Ugone Deposition | 25.00 |
| | | | | | 3/17/17 | Uber | Travel - Ugone Deposition | 55.26 |
| | | | | | 3/17/17 | Lyft | Travel - Ugone Deposition | 6.29 |
| | | | | | 3/17/17 | Lyft | Travel - meet & confer in LA | 29.65 |
| | | | | | 3/17/17 | Jet Blue | Travel - Ugone Deposition | 7.00 |
| | | | | | 11/9/17 | Claremont Hotel & Spa | Lodging for Plaintiff for mediation | 331.86 |
| | | | | | | | | 5,347.93 |
| | | | | | | | | |
| | **Outside Printing (E102)** | | | 770.57 | | | | |
| | | | | | 2/28/14 | Office Max | | 61.37 |
| | | | | | 7/10/15 | Staples | | 238.46 |
| | | | | | 7/20/15 | Copy Cove of La Jolla Inc | | 96.70 |
| | | | | | 7/21/15 | Fedex Kinkos | | 85.93 |
| | | | | | 7/21/15 | Fedex Kinkos | | 56.83 |
| | | | | | 7/22/15 | Fedex Kinkos | | 31.26 |
| | | | | | 7/22/15 | Fedex Kinkos | | 24.80 |
| | | | | | 7/22/15 | Fedex Kinkos | | 48.45 |
| | | | | | 7/23/15 | Fedex Kinkos | | 28.45 |
| | | | | | 3/16/17 | Hotel Business Center | | 37.20 |
| | | | | | 3/16/17 | Hotel Business Center | | 57.71 |
| | | | | | 3/16/17 | Hotel Business Center | | 3.41 |
| | | | | | | | | 770.57 |
| | | | | | | | | |
| | **Postage (E108)** | | | 682.20 | | | | |
| | | | | | 5/27/14 | USPS | | 5.17 |
| | | | | | 5/29/14 | USPS | | 13.61 |
| | | | | | 8/11/15 | Fedex Kinkos | Shipping of products to test | 198.82 |
| | | | | | 12/30/15 | Fedex | Shipping of products to test | 457.19 |
| | | | | | 4/11/18 | USPS | | 7.41 |
| | | | | | | | | 682.20 |
| | | | | | | | | |
| | **Total Expense** | | | 99,528.84 | | | | |